VECHIO (CALHOUN v.).    See Case No. 2,-310.

---

## Case No. 16,908.

### VEIL et al. v. MITCHEL.

[4 Wash. C. C. 105.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1821.

PRINCIPAL AND AGENT—CONVERSION BY AGENT—RIGHT TO PROCEEDS.

When the principal can trace his property into the hands of an agent or factor, whether it be

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters. Jr., Esq.]

the identical article which first came to his hands, or other property purchased for the principal, by the factor, with the proceeds; he may follow it. either into the hands of the factor. or of his legal representatives. or his assignees if he should become insolvent; unless such representatives or assignees should pay away the same before notice of the claim of the principal.

[Cited in Terry v. Bamberger, Case No. 13,-837; German Sav. Inst. v. Adae, 8 Fed. 109.]

[Approved in Fahnestock v. Bailey, 3 Metc. (Ky.) 50. Cited in Whitley v. Foy, 6 Jones. Eq. 34; Roca v. Byrne, 145 N. Y. 182. 39 N. E. 813; Van Alen v. American Nat. Bank. 52 N Y. 9; Lee v. Hennick (Ohio Sup.) 39 N. E. 474; Shaw v. Bauman, 34 Ohio St. 31; Overseers of Poor v. Bank of Virginia, 2 Grat. 548.]

The special verdict stated. that in the lifetime of Abner Mitchel, the intestate, the plaintiffs sent to him, tor sale, two bills of exchange on France. with instructions to remit them the proceeds. The intestate sold the bills, and remitted to the plaintiffs the proceeds of one of them, except $60, which he had in bank notes of the South Carolina banks. For the other bill he took the check of the purchaser, payable some days after the sale. Before the check came to maturity, Mitchel died, leaving in his possession the check, and the South Carolina notes amounting to $60; all of which came to the hands of the defendants, who received payment of the check when the same became due. On another account, the plaintiffs were indebted to the intestate, in a balance of $344 82 cents. The intestate died insolvent, and the question reserved for the opinion of the court is, whether the plaintiffs are entitled to recover the amount of the check. and the notes for $60, after deducting what is due to the intestate.

Mr. Chauncey. tor plaintiff. A factor can acquire no property in the goods of his principal, or the goods purchased with the proceeds for the principal, so long as they remain unchanged, and can be traced. Hourquibee v. Girard [Case Nos. 6,732, 6,733], and MacMillan v. Ewing, decided in this court [unreported]. See 1 Salk. 160; 2 Vern. 638; 2 Atk. 232; 5 Term R. 215, 494; 1 East, 544; Giles v. Perkins, 9 East, 12; Willis, 400; 3 P. Wms. 186, note.

C. J. Ingersoll. for defendant, admitted the law to be as stated. But he denied that the verdict traced the property into the hands of the defendant; neither does it state that the proceeds of the check, and the $60, remain in the hands of the defendants distinct from their money; or that it was not mingled, before notice of the plaintiff's claim to it. He cited 5 Bin. 398; 2 Madd. 494, 510; 12 Ves. 119.

The court. after hearing the defendant's counsel. stopped the reply.

WASHINGTON. Circuit Justice. The cases upon this subject are uniform. in laying down the rule, that where the principal can trace his property into the hands of his agent or factor, whether it be the identical article which first came to the hands of the factor, or other prop-

erty purchased for the principal by the factor with the proceeds; he may follow it, either into the hands of the factor, or of his legal representatives, or of his assigns if he should become insolvent or a bankrupt. The factor is a trustee for the principal, so long as he retains the property, or its representative in his hands; and his assignees, or legal representatives take it, subject to the same trust, which they cannot defeat by turning it into money; unless indeed, they should pay it away in their representative character, before notice of the claim. It is in this point of view only, that notice is necessary. Judgment for plaintiffs.