Robertson, J.
At the time of the tender to Runyon, he was entitled to the possession of the goods in question, if he was bona fide assignee, as against every one but the plaintiffs. The plaintiffs were entitled to the possession as against every one but him, if he was the lawful assignee of the claim of Harvey & Dunn. The assignment to him being prima facie valid, and no evidence offered impeaching it, he was the proper person to whom to make such tender, and upon that tender the plaintiffs’ right to the possession was complete and free from any incumbrance. (Kortright v. Cady, 21 N. Y. R., 343.)
The subsequent taking of the hops by the defendant was tortious, and makes him liable,“in this action, for their value.
There was no evidence of any delivery of the hops in *361 question to the mortgagees, or filing of the mortgage to Gardiner & Myers, or even of its delivery, the only witness examined as to its execution, testified that he thought it was not delivered; and it was therefore inoperative as against the assigneé or these plaintiffs.
The judgment, therefore, ought to h.e reversed and a new trial take place, with costs to abide the event.
Bosworth, Ch. J., concurred in this opinion.
Babbour, J., concurred in the conclusion.