JOHN RICHARDSON vs. ISAAC W. HINE.

By statute a plaintiff may amend his declaration during the first three days of the first term of the court without costs, and after that time at the discretion of the court as to the payment of costs. By a rule adopted by the judges of the Superior Court amendments are to be allowed during the first term without costs, and after that time only on payment of costs. Held that the matter of requiring costs on an amendment made after the first term of the court still rested in the discretion of the court.

Where an amendment was allowed after a case had been several terms in court, and the court required the payment of costs from a certain date, but not full costs, and the plaintiff finally recovered judgment, it was held that the plaintiff was entitled to full costs, except for the period for which he had paid costs on the amendment.

TRESPASS for an assault and battery, brought to the Superior Court in New Haven County; being the same case that is reported in 42 Conn. R., 206.

Final judgment having been rendered for the plaintiff in the case, a question arose between the parties as to the taxation of the plaintiff's costs. It appeared that on the trial of the case the plaintiff, after a ruling of the court excluding evidence that the plaintiff had been afflicted with epilepsy by reason of the injury received from the defendant, on the ground that there was no allegation of any such special damage in the declaration, moved to be allowed to amend his declaration by inserting such an allegation; that the defendant thereupon claimed full costs on the amendment; and that the court (*Sanford, J.,*) allowed the amendment and required the payment of costs only from a certain time, during the

pendency of the cause, when, by reason of the conclusion of a council of physicians upon his case, he first knew that his epileptic fits were caused by the injury received from the defendant. After final judgment at a later term the plaintiff claimed to be entitled to full costs except for the period for which he had paid costs to the defendant on the amendment. The defendant claimed that the plaintiff was not entitled to any costs prior to the amendment, except for his writ, and for officer's, attorney's, and court fees. The court referred the matter to the clerk, who made a finding of the facts and allowed the plaintiff full costs except for the period for which he had paid costs on his amendment; and the court reserved the question whether the plaintiff was entitled to such costs for the advice of this court.

*J. W. Alling*, for the plaintiff.

*T. E. Doolittle*, for the defendant.

PARK, C. J. We think the ruling of the clerk upon the question of costs in this case was correct. There are some exceptions to the general rule allowing full costs to the prevailing party in actions at law, and one of them arises where an amendment is made to a declaration after the expiration of the first three days of the term to which the action is brought. In such cases the statute of amendments presumes that the plaintiff may have been in fault in not having his declaration in proper form originally; or in not making his amendment within the time that the statute allows amendments to be made without the payment of costs; and inasmuch as the defendant may be prejudiced to some extent by the allowance of the amendment after that time, the allowance is made conditional upon the payment of costs at the discretion of the court.

Full costs may be required as a condition for making the amendment; or the amendment may be made without the payment of any costs; or, as in this case, a part only of the costs may be imposed, as shall be equitable in the particular

case. The whole question of costs is left with the court, and whatever its action in the premises may be, its decision is final, and affords no subject for review. It is true the judges have adopted rules on this subject, and one of them is as follows:—"Amendments may be made at any time during the first term of the court to which the suit is brought, without the payment of costs; but full costs shall be required to be paid when amendments are made after such term shall have expired." There are some exceptions to this rule, but there is no necessity for stating them. This rule was adopted to save the time of the court, so often wasted in the discussion of questions of cost, whenever amendments are made after the statutory limitation for making them without cost. In order to accomplish this object, the judges thought it advisable to subject the discretion of the court to some rule, for it is easy to see that discussions of this character could not be prevented by any other means. They therefore extended the time for making amendments without the payment of costs, from three days of the first term to which the suit is brought, to the whole of the first term; and such time they deemed amply sufficient for the making of any necessary amendment, where a party is reasonably attentive to his own interests. But if he should suffer the term to pass without making any amendment, and should afterwards ask to be allowed to amend, he would be regarded as in fault by reason of his delay, and as justly holden to pay full costs to the defendant upon the allowance of the amendment. It is to be regretted that this rule is not rigidly adhered to by our courts, for if it is departed from in any instance the case will be cited as a precedent in other cases, and soon the rule itself will be practically abrogated. But still, if the court in any case finds its discretion seriously in conflict with the rule, its discretion must prevail, for such is the statute; and the departure from the rule, however well established, cannot be the subject of review.

When the amendment in this case was made the court subjected the plaintiff to the payment of costs during only a portion of the time for which the rule required that costs should be paid. This was the extent of the burden imposed,

upon the plaintiff. And the effect of it was to deprive the plaintiff of the right to recover costs during the same period; but it left the case in other respects in the same condition as if no amendment had been made. The statute of amendments leaves the question of costs to the discretion of the court, but it confers no power on the court to deprive the plaintiff of his costs, as such, should he be the successful party in the case. He cannot, of course, recover costs during the time he is required to pay costs. But this grows out of the order requiring costs. If he could recover costs during such time, he would recover back the costs he was required to pay as the price of the amendment, and the result would be that he would pay nothing for the amendment, when the order was that he should pay costs for the making of it. And besides, it would be inconsistent on general principles to allow a party to recover costs for a period during which he has been in fault, and has been required to pay costs, by way of damages, for being in fault. But neither by implication, nor upon general principles, can the order of the court be extended to deprive the plaintiff of his costs during a period of time not covered by the order.

We think the plaintiff should recover full costs in the case, excepting for the period during which he was required to pay costs to the defendant as a condition for making the amendment; and we so advise.

In this opinion the other judges concurred.