GEORGE E. TERRY, RECEIVER, *vs.* LEOPOLD BAMBERGER.

A manufacturing corporation located in the state of Connecticut consigned to the firm of. *C & Co.* in the city of New York a quantity of goods to be sold on commission, it being agreed that the firm should have a lien on them for outstanding acceptances of the firm for the accommodation of the corporation. *C & Co.*, becoming insolvent, made an assignment of all their property, for the benefit of their creditors, under the insolvent laws of the state of New York, to the defendant, who as such assignee took possession of these goods and proceeded to dispose of them without regard to the rights of the corporation. The latter soon after took up all the acceptances and made demand on the defendant for the goods, which demand was refused. The plaintiff was afterwards appointed receiver of the corporation under the statute (Gen. Statutes, tit. 17, ch. 1, sec. 23,) and after making demand, brought an action of trover in his own name against the defendant, in this state, service having been made upon him here. Held—

1. That *C & Co.* having been entrusted with the sale of the goods, that trust was a personal one, which could not be delegated to another, beyond the usual course of business, without the consent of the consignors.

2. That all that *C & Co.* could transfer to their assignee for the benefit of their creditors was their lien on the goods.

3. That while therefore the assignee had lawfully come into possession of the goods, his sale of them had been a tortious conversion.

4. That though the title to the goods did not become vested in the receiver on his appointment, he yet could sue for them in his own name under the statute.

5. That it did not alter the case that the lien had not been discharged when the conversion took place. It was enough that it was discharged before demand was made and suit brought.

TROVER, United States Circuit Court, District of Connecticut, April term, 1877. The case is fully stated in the opinion.

*S. W. Kellogg* and *G. E. Terry*, for the plaintiff.

*H. B. Munson* and *C. W. Gillette*, for the defendant.

SHIPMAN, J. This case was tried by the court, the parties having, by written stipulation duly signed, waived a jury. Upon said trial by the court both parties appeared by their counsel and with their witnesses, and were fully heard respecting the controverted questions of law and of fact. The facts which are found to have been proved are as follows:

On or about August 12th, 1875, the firm of S. A. Castle & Co. of the city of New York, consisting of Samuel A. Castle, Rufus E. Hitchcock and Henry S. McGrane, being insolvent, made an assignment in insolvency of all their goods and effects for the joint and equal benefit of their creditors, under the statute of New York of April 13th, 1860, to Leopold Bamberger of said city, who accepted said trust, gave bonds according to law, and entered upon his duties on August 12th, 1875.

Previous to this time said firm had been the selling agents in said city of the United States Button Company, a joint stock corporation, duly incorporated in pursuance of the laws of this state, and established at Waterbury. Said firm had in their store on said August 12th, 1875, the manufactured goods of said company which had been theretofore sent to them for sale upon commission, to a large amount, which goods were the property of said Button Company. The market value of said goods was $7,500. The company had not been in the habit of drawing against their consignments, but prior to this date had obtained from S. A. Castle & Co. their accommodation acceptances to the amount of $22,500, and it was agreed between said parties at the time when said acceptances were given, that said firm should have a lien on the goods which were from time to time unsold as security against their liability upon said acceptances. These acceptances had

been discounted for the benefit of said Button Company, and were then held and owned by the Waterbury National Bank.

The goods of said company in the possession of S. A. Castle & Co. were specified in their inventory, which was duly made and filed in pursuance of the laws of the state of New York, under the head of "Goods on hand on which allowances have been made, and merchandise in stock, &c.," as "Consigned by the United States Button Co.," and were appraised at $6,054. The assignee thus had notice of the ownership of the goods.

Said Bamberger immediately took possession of said goods as his own, and as equitably belonging to the creditors of S. A. Castle & Co., and proceeded forthwith to sell them as rapidly as he was able for the benefit of said estate. On September 24th, 1875, said Button Company took up and received said acceptances from the Waterbury National Bank by the substitution of the Button Company's notes therefor, and thereupon the president of said company carried said acceptances to New York, tendered them to said Bamberger, and demanded of him the goods belonging to said company, but said Bamberger refused to deliver the same, and continued the sale thereof.

On or about November 1st, 1875, the plaintiff was duly appointed receiver of the estate of said Waterbury Button Company by the Superior Court of New Haven County, under and by virtue of the 23d section of chapter 1, title 17, of the General Statutes of Connecticut, (Revision of 1875, page 281,) and said receiver was authorized by the decree of said court to execute the powers specified in the 1st section of part 14, chapter 17, title 19, of said General Statutes, (Revision of 1875, page 482.) The plaintiff accepted said trust, gave bonds pursuant to law which were accepted by said court, and entered upon his duties.

On November 24th, 1875, the plaintiff, accompanied by the secretary of said company as a witness, again tendered to said Bamberger in the city of New York said acceptances, and again demanded said goods as the property of said Button Company, but said Bamberger refused to deliver them. The

plaintiff then asked Bamberger if there were any other acceptances outstanding against said goods, or if there were any other claims or charges against the goods for interest, commissions, &c., except the tendered drafts, to which inquiry Bamberger replied in the negative. Upon the payment of said accommodation acceptances S. A. Castle & Co. were indebted to said Button Company in a large amount as appeared by said inventory. The present action was brought in a state court of this state, and was removed to this court by the defendant. At the close of the testimony the plaintiff asked and obtained leave, against the objection of the defendant, to amend the declaration by the addition of the 2d and 3d counts for a conversion prior to the plaintiff's appointment. Opportunity was given to the defendant after the allowance of said amendments to introduce additional testimony if he desired.

Upon the foregoing facts the conclusions of law are as follows:

1. The defendant rightfully took possession of the goods of the Button Company, but tortiously converted them thereafter.

S. A. Castle & Co. were the factors of the Button Company, and as such were personally entrusted with the sale of its goods. This trust was a personal one, and could not be delegated to another beyond the usual course of business, without the consent of the consignors. Neither had Castle & Co. any right to sell or transfer the goods in payment or in pledge for their own indebtedness. Having a lien upon the goods as security for their liability upon the accommodation acceptances which they had given to the consignors, Castle & Co. had a right to transfer said lien to their creditors, and deliver the goods to their assignee for the benefit of their creditors, solely as a security to the extent of said lien. The Button Company could not regain possession until they had tendered to the assignee the amount of the lien of Castle & Co. or otherwise discharged said lien, and upon such tender or discharge had the right to regain possession of their property, if it could be traced, or distinguished from the mass of the other prop-

erty of the factor in the possession of the assignee. *Warner* v. *Martin*, 11 Howard, 209; *Veil* v. *Mitchell*, 4 Wash. C. C., 105; *Thompson* v. *Perkins*, 3 Mason, 232; *Cook* v. *Kelley*, 9 Bosw., 358; *Chesterfield Manf. Co.* v. *Dehon*, 5 Pick., 7; *Denston* v. *Perkins*, 2 Pick., 86; *Scott* v. *Surman*, Willes R., 400.

But the rightful possession of the assignee gave him no authority to assume to himself the entire property, or right of disposing of the goods, until duly authorized by law, and when, having taken possession, with notice that the goods were the property of the Button Company, he proceeded to sell and convert them into money as rapidly as he could, there was a conversion. The action of trover " always supposes the defendant to have come legally into possession of the goods. It is the breach of the trust or the abuse of such lawful possession which constitutes the conversion." *Murray* v. *Burling*, 10 Johns., 172; *Connah* v. *Hale*, 23 Wend., 462; *Fiske* v. *Ewens*, 46 N. Hamp., 173; *Baldwin* v. *Cole*, 6 Mod., 212; *McCombie* v. *Davies*, 6 East, 540.

2. The plaintiff as receiver had a right to institute a suit in this state against the defendant for a conversion happening prior to the plaintiff's appointment.

It is contended that the decree of the state court had no extra-territorial jurisdiction, and gave the plaintiff no title to property beyond the limits of this state, and that therefore he had no right to institute a suit for the recovery of the value of property which had been since his appointment beyond the jurisdiction of this state. But the statutes of this state in regard to the appointment and duties of receivers of the property of corporations do not undertake to change the title of the property or to vest it in the receiver. Receivers are declared by the statute to have the right to the possession of the property of the corporation, and power in their own names or in its name to commence and prosecute suits for and on behalf of the corporation, to demand and receive all evidences of debt and property belonging to it, and to do and execute in its name or their own names as such receivers, all other acts and things which shall be necessary or proper in the execution of their trust, and to have all the powers for any of said pur-

poses possessed by such corporation. The receiver is the agent of the law to collect the property of the corporation and to wind up its affairs, and for that purpose to do all acts which may be necessary to the execution of the trust. By authority of law he acts in the place of the directors, but no title to property is changed. Such has been the construction of similar statutes elsewhere. *Willink* v. *Morris Canal & Banking Co.*, 3 Green Ch., 377.

It is unnecessary to determine whether the receiver was empowered to commence a suit in his own name in the state of New York for the recovery of the property of the corporation. As the title to the property which is now in question was confessedly always in the Button Company, a suit could have been instituted in New York against the defendant in the name of the corporation, certainly with the assent of its officers. It is apparent that both before and after the appointment of the plaintiff the officers of the corporation were seeking to obtain this property, and they have not been prevented from aiding the receiver in the collection of the debts of the company in any court here or elsewhere. They are still the officers of the company. In this state the plaintiff can commence a suit either in the name of the corporation or in his own name in its behalf. Whether the receiver or the corporation is plaintiff, the action is for the recovery of the value of property, the title of which is in the company.

Being then the agent of the law to wind up the affairs of the corporation, and to do whatever it could do in this behalf, the receiver is authorized to collect within this state its debts and choses in action of whatever nature the same may be, and to commence any proper suits whether sounding in tort or in contract. "There is no greater reason for allowing the receiver to recover damages in his own name for the breach of a contract made with the bank, than there is for allowing him to recover damages in his own name for the wrongful withholding of the property of the bank in another form." *Gillett* v. *Fairchild*, 4 Denio, 80.

The fact that the United States Button Company had not discharged the lien, and so were not entitled to the possession

of the goods, at the time of the conversion by the defendant on August 12th, 1875, does not defeat the action of trover, the lien having been discharged before suit was brought. If the plaintiff had a right of action when the suit commenced, it is competent for him to show a prior conversion. *Delano* v. *Curtis*, 7 Allen, 470; *Carpenter* v. *Hale*, 8 Gray, 157.

Judgment should be rendered in favor of the plaintiff for $7,500, and interest at six per cent. from September 24th, 1875, and his costs accruing after May 15th, 1877.

Upon the amendment the plaintiff should pay the defendant his taxable costs until May 15th, 1877, in accordance with the state practice. *Richardson* v. *Hine*, 43 Conn., 201.