A. A. BLANKENSHIP v. JOHN W. BERRY.

See this case for facts held to be insufficient to show a conversion or wrongful detention by the defendant of the slaves in controversy, although his possession of them was not denied.

The evidence failed to show how the plaintiff's slaves came into the defendant's possession, but it was proved that they had been on defendant's premises on former occasions when the plaintiff himself was also there. *Held,* that under these circumstances, and in the absence of contravening evidence, it is to be presumed that the slaves went to the defendant's premises by the direction of their owner, the plaintiff, and that they remained there with his consent:

The defendant, being applied to for the slaves by a negro who came after them, refused to let them go, but said that if the plaintiff would come himself, or would send a white man, he would let them go. *Held,* that if the

defendant was not satisfied that the negro who made the application had authority from the plaintiff, he was justifiable in refusing to deliver the slaves until the plaintiff should apply for them, either in person or by his duly accredited agent.

A demand for personal property may be made by an agent; but if the party in possession, in consequence of his not being reasonably satisfied that the person making the demand is authorized to receive the property, refuse in good faith to deliver it to such person, the demand will be held insufficient.

The facts, as above indicated, do not disclose any fraud entitling the plaintiff to judgment against the defendant for any amount of attorney's fees as special damages, notwithstanding that the defendant made defense against the suit, and, on advice of his counsel, replevied the slaves from the sequestration levied upon them. Having never denied the plaintiff's right to the slaves, his defense is to be imputed to the claim for special damages, which he had a right to resist.

The verdict in favor of the plaintiff found the separate value of each of the two slaves sued for, but the judgment did not in this respect follow the verdict. It was rendered for the slaves, if to be had; but, if not to be had, then that plaintiff have execution against the defendant and the sureties on his replevy bond for the aggregate value of both slaves: *Held*, that the judgment should have conformed to the verdict, by fixing the separate value of each slave, so that execution could properly issue in case of a failure to deliver one of them. (Paschal's Dig., Art. 5100, Note 1116.)

APPEAL from McLennan. The case was tried before Hon. N. W. BATTLE, one of the district judges.

It was a suit to recover slaves and their hire, under our sequestration laws. (Paschal's Dig., Arts. 5095 to 5124, Notes 1115 to 1122.)

The material facts are substantially shown in the opinion. The case was tried below at the fall term, 1861.

No brief for the appellant.

*Shelley & Carrington,* for the appellee, suggested delay.

DONLEY, J.—The judgment in this case must be reversed. The pleadings do not state such facts of fraud on the part of the appellant as authorize a judgment against him for the attorney's fee. And the evidence does not disclose any fact,

up to the time of the institution of the suit, of an impropriety on the part of the defendant that can be classed as a fraud. The negroes of the plaintiff were in possession of the defendant. They appear to have been on the defendant's premises upon a former occasion when the plaintiff was there. It does not clearly appear why the negroes went to the defendant's on the last occasion before the institution of the suit. As the proof shows that the negroes had been at defendant's on former occasions when the plaintiff was there, in the absence of any proof showing how the negroes came to be on defendant's premises, it is believed that the presumption arises that the negroes went to the defendant's by direction of their owner, and by his consent remained there.

It does not appear that the defendant at any time set up any claim to the negroes, or denied the right of plaintiff to them. From his statement, which was given in evidence by plaintiff, it appears that a negro came for the slaves in controversy, (how long before the suit does not appear;) that defendant would not let them go, but declared that, if plaintiff would come himself, or send a white man, he would let the negroes go. If the defendant was not satisfied that the negro who applied to remove the slaves from his possession had authority from the plaintiff, he might properly decline to deliver the negroes then under his control until the plaintiff, in person or by his agent, having satisfactory evidence of his authority to act for the plaintiff, applied for the property. Demand may be made by an agent duly authorized, but such demand will not be sufficient, if the defendant *bona fide* refuse to deliver the goods, in consequence of his not being reasonably satisfied that the person who applies is properly empowered to receive them. (Chitty on Plead., 158.)

It is not believed that the evidence discloses any fraud on the part of the defendant that gave to the plaintiff a cause of action against him, and authorized a judgment

against him for $200, or any amount, on account of plaintiff having employed counsel to prosecute suit against the defendant.  It is not perceived that there was any real necessity for the suit; certainly not, if the negroes would have been delivered on demand by the plaintiff, or by some one so authorized to act for him as to leave no reasonable doubt of his right to act for the plaintiff.  The defendant had expressed his willingness to deliver the property, and it does not appear from any evidence in the cause that there was any ground to doubt his sincerity. He did not deny the right of the plaintiff when sued for the property; and, so far as the record discloses, it is believed that his defense to this action was to defeat a judgment against him for damages.   It was not improper for him to make this defense, and the record does not disclose such a case of fraud as to authorize a judgment against him for such an amount as might be reasonably required to secure the services of an attorney to prosecute a suit against him for the alleged illegal detention of the plaintiff's slaves. (Bracken v. Neill, 15 Tex., 113, 114; 'Neill v. Newton, 24 Tex., 202, 204.)

The petition in this case properly alleged the value of each slave, and the verdict finds the value of each separately.   The judgment provides, in the event that the slaves cannot be had, that the plaintiff recover of the defendant and his sureties on his bond given to replevy the property the sum of $2,200, the assessed aggregate value of said slaves, and that for this he have execution.   The judgment should have conformed to the verdict.   If there had been a failure to deliver one of the slaves, the judgment does not furnish information upon which an execution could properly be issued.   In the altered condition of the property of the country, it is believed that this error is now of little practical importance in this case.

The judgment is reversed, and the cause

REMANDED.