CASPER KRONSCHNABLE *vs.* ANTON KNOBLAUCH & another.

Sept. 11, 1874.

Stipulation of Attorney for a Sale of his Client's Property.—Where judgment has been rendered in an action, and execution issued and levied on the property of the defendant, his attorney has no authority to agree with the plaintiff that the property levied on shall be sold at private sale by a person other than the sheriff.

Conversion by Purchaser at Such Sale.—The plaintiff having purchased the property levied on, at a sale made pursuant to such an agreement, a re-sale of it by him is a conversion, for which he is liable to the defendant.

Evidence—Knowledge.—The mere fact that the defendant knew that plaintiff was selling, in small lots, the property levied on, is not evidence that the defendant knew of the agreement between his attorney and the plaintiff, or assented either to the agreement or the sale to plaintiff.

Witness as to Relative Value.—A witness may testify as to the relative value of two articles, although ignorant of the actual value of either.

Actual Conversion—Demand Unnecessary.—When there has been an actual conversion of property, no demand is necessary before suit.

Appeal by defendants from a judgment of the district court for Carver county, the action having been tried before *Chatfield*, J., and a jury.

*L. M. & D. A. Brown*, for appellants.

*Henry Hinds*, for respondent.

YOUNG, J. In July, 1870, the plaintiff contracted to sell to the defendants two hundred barrels of sound flour. The flour delivered under the contract proved on examination to be unsound and damaged; the defendants refused to accept it, and brought suit to recover back the purchase money they had paid. In that action they were successful, and on November 25, 1870, judgment was entered in their favor against the present plaintiff for $1,059.40. A new trial was afterwards ordered; but on appeal to this court, the order granting a new trial was reversed. *Knoblauch* v. *Kronschnable*, 18 Minn. 300.

On November 28, 1870, three days after the entry of the judgment, the then plaintiffs, (now defendants,) being about to issue execution, a written stipulation was made and signed by the attorneys of the parties to that suit, whereby it was agreed that the said two hundred barrels of flour should be sold at private sale, under the direction of one Toucey, in lots to suit purchasers, the proceeds to be applied in payment of the judgment. It was further agreed that neither the stipulation nor the sale should in any manner affect the defendant's (Kronschnable's) right of appeal, but that it should have the effect, to all intents and purposes, as if said flour were sold on execution. Pursuant to this agreement, the flour was sold by Toucey to the then plaintiffs (now defendants.) At the time of sale, the flour was in warehouse at Carver, where it had been stored by the present plaintiff prior to the original contract for the sale of it to the defendants, and where it had ever since remained. The defendants, during the month of December, sold the flour thus purchased by them, in small lots, to different purchasers. This action is brought to recover damages as for a wrongful conversion of the flour by the defendants.

The stipulation was made by the attorneys of the judgment debtor, (the now plaintiff,) without consulting their client, who resided at a distance from the town where the flour was stored, but in good faith, and with a view to protect their client's interests, by saving expense, and avoiding a sacrifice of the flour by a sale on execution. The attorneys had no other authority to enter into this stipulation than such as might be implied in their retainer to defend the suit. But we have already decided at the present term in the case of *Berthold* v. *Fox, ante* p. 51, that an attorney's authority, under his retainer in an action, ceases upon the entry of judgment against his client; and even if the authority implied in the retainer continued after judgment, such a stipulation as this would be wholly beyond the scope of such authority. An attorney employed to defend a suit is not thereby clothed with any implied power of disposition over his client's property, whether in satisfaction of the judgment, or in payment of the expenses of the suit, or for any other purpose; nor is he held out to the adverse party as clothed with any such power: and it can make no difference whether the property disposed of is the subject matter of the litigation, or not. No case has been cited by counsel in which an attorney has been held to possess any such implied authority, and it is believed that no such case exists.

It is true the stipulation was made in good faith; but as the court below instructed the jury, "the question is one of authority, not of good faith or propriety. * * The defendant in that action (plaintiff in this) is not bound by the stipulation or disposition of the flour under it, unless he has in some way, by word or deed, knowingly assented to or ratified it."

If the attorney had no authority to stipulate for a sale by Toucey to the defendants, then the defendants acquired no title by such sale, and their subsequent disposition of the property was a wrongful conversion, and the good faith of the transaction is immaterial. The objections to this portion of the charge are not well taken.

The plaintiff testified that he knew, during the month of December, that defendants were selling the flour; but there was no evidence that his attorneys, or anyone else, ever informed him of the stipulation. The court properly refused to instruct the jury, at defendants' request, "that the fact that plaintiff knew that defendants were selling the flour, and that he never said anything about it to his attorneys or to the defendants, was a circumstance from which the jury might infer that he knew of the stipulation, and acquiesced therein." The plaintiff had given no authority over this property to his attorneys; he had no reason whatever to suppose, from the mere fact of a sale of the flour by defendants, that such a sale had been agreed to by his attorneys; nor does his mere silence, while the defendants were wrongfully disposing of his property, furnish any foundation for the inference that he knew of the stipulation, or assented either to the stipulation or the sale.

There was no error in permitting the witness Haunner to testify that the flour bought by him of defendants "was worth about one-half price of good flour," though he stated immediately afterwards that he did not know what was the price of good flour. A man may know the relative value, as he may know the relative weight or size of two articles, without knowing the actual value in money, or the actual weight or size, in pounds or feet, of either of the articles compared.

There having been an actual conversion by sale of the property by defendants, no demand was necessary before suit. Upon all the points made by the defendants' counsel, the judgment must be affirmed.