ELIZABETH M. BOWERS *vs.* CHARLES E. MAYO and others.

32  241
49  535

June 30, 1884.

**Fraudulent Conveyance — Evidence — Cross-Examination.** —Where a witness had testified in chief that he had received and was holding the actual possession of a stock of goods as agent for his wife upon an alleged sale thereof made to her through him, claimed by the creditors of the vendor to be fraudulent and void as to them, *held* proper, on the cross-examination of this witness, to inquire fully into all the circumstances of the transfer of the goods to him, tending to show its fraudulent character and purpose, and the fraudulent nature of such possession thereof by him.

Plaintiff brought this action in the district court for Clay county, to recover for the alleged conversion by defendants of a stock of hardware. The answer denies plaintiff's ownership, and justifies the taking of the goods under writs of attachment against one George Garver. Plaintiff's title is based upon an alleged transfer from George Garver, claimed to have been made prior to the levy of the writs of attachment. The action was tried before *Stearns,* J., and a jury, and plaintiff had a verdict. Defendants appeal from an order refusing a new trial.

*Briggs & Elders* and *Warner & Stevens,* for appellants.

*S. G. Comstock* and *Chas. D. Kerr,* for respondent.

VANDERBURGH, J. The principal question in this case is the alleged fraudulent character of the sale and transfer of a stock of hardware by one George Garver to the plaintiff, who was his sister. The alleged purchase had been consummated in her absence, through her husband, W. W. Bowers, who had previously been in Garver's employ, and who received and continued in the actual possession of the goods after the transfer was made. On being called and examined as a witness in her behalf, he testified that at the time of the levy of the attachment by defendants, he was in the actual possession of the goods; that he held them for his wife, and had for about two weeks, or from the 18th of September, which was the time when the plaintiff claims

v.32—16

the purchase was made; that he was selling the goods for her, and had charge of the store and entire stock; that no one else exercised or attempted to exercise any control over it; and that he bought and sold in his discretion. The effect of this evidence was to show more fully a complete transfer of the goods and the possession thereof. Upon the issue of fraud, this witness testified to enough, upon his examination in chief, to open the door for a cross-examination as to the character of the possession and transfer acquired by him, and when, from whom, as well as for whom, he received the goods which the creditors of Garver were pursuing, and all the material facts and circumstances attending the acquisition thereof by him, to show whether he did not hold the possession as a cover for Garver, and to aid him in delaying or defrauding his creditors. Accordingly, such examination was, to some extent, permitted to be pursued by the defendants, more fully developing the circumstances of the sale and his relations to it. But, in sustaining plaintiff's objections to certain questions asked by defendants' counsel as not being a proper cross-examination, we think the court erred. The witness had already testified, among other things, that he negotiated "the trade between his wife and Garver," which was, indeed, what plaintiff claimed in the case; that he had been in Garver's employ for several months, and knew or "presumed" that he was indebted to divers parties, including the defendants, the attaching creditors. And in the course of the examination the following questions were put to the witness: "Did you know Garver's liabilities?" *Answer*. "No, sir." "Did you make any inquiries as to what they were, or what was his object in selling?" which was objected to and ruled out by the court. *Question*. "What did Garver say to you when he was negotiating this sale? Did he give any reason for selling?" *A.* "Why, he wanted to sell out and get out of the business." *Q.* "Did he say anything to you about his creditors crowding him?" Objected to and ruled out upon the same ground. To these rulings exceptions were taken. These questions were, we think, material, and, under the circumstances, entirely proper as a part of the cross-examination. The witness represented the plaintiff, and she would be affected with any notice or knowledge acquired by him in the transaction of any facts which might affect the honesty or validity

of the transfer. *Lebanon Savings Bank* v. *Hollenbeck,* 29 Minn. 322. Upon this ground, we think, there should be a new trial.

The action of the court in rejecting the letter of W. W. Bowers to Duffy need not be reviewed, because it appears that it was subsequently received in evidence. And his letter to the plaintiff, submitting the terms and particulars of the sale for her assent, was properly received as being part of plaintiff's evidence of a sale to her. If the goods were not in fact in Garver's possession, but in the actual possession of plaintiff's agent, it was, of course, unnecessary for her to make formal demand upon the officer before suit brought. The practice in such cases ought now to be considered well settled.

The other questions raised by the appellants are not such as are liable to arise on another trial, and need not, therefore, be considered.

Order reversed.