FREDERICK HOMBERGER *vs.* A. BRANDENBERG.

July 12, 1886.

**Trespass—Attachment against Third Person—Proof of Debt.—**Where a sheriff justifies the taking of property from the possession of A. as being the property of the debtor in an attachment suit, it is material and necessary for him to establish the relation of debtor and creditor between the plaintiff and defendant in that suit.

**Same—Consideration of Note.—**And where a defendant in such suit, upon his examination as a witness, denied that he owed the alleged claim (a promissory note) sued on, and his evidence tended to show that the same was fraudulent and invalid, *held* competent and material to inquire, on the part of the plaintiff, into the consideration of the note, and the circumstances under which it was given.

**Same—Evidence as to Fraudulent Transfer.—**Where a party testified that he had derived title to the property in controversy a short time before it was attached, claimed by plaintiff to have been fraudulently transferred by defendant, it is proper, on his cross-examination, to inquire fully into the nature of his title, and his knowledge of an alleged previous transfer, and also the amount of the consideration, and whether paid or not.

v.35m—26

Plaintiff brought this action in the district court for Otter Tail county, to recover the value of wheat alleged to have been unlawfully taken and converted. The defendant justified his taking, as sheriff of the county, under a writ of attachment against Jacob Homberger. Upon the call of the calendar the defendant moved to strike the case from the calendar, because of want of notice of trial. It appearing that a notice of trial had been served, and a note of issue filed, both containing the name of Jacob Homberger as plaintiff, instead of Frederick Homberger, and that defendant had not been misled, the motion was denied. The action was tried before *Baxter*, J., and a jury, and plaintiff had a verdict. Defendant appeals from an order refusing a new trial.

*J. W. Mason* and *Henry Dressler*, for appellant.

*Clapp, Woodard & Cowie*, for respondent.

VANDERBURGH, J. 1. The plaintiff's attorneys filed a note of issue, entitled "Jacob Homberger" instead of "Frederick Homberger," against this defendant, and the case was so entered upon the calendar by the clerk. Jacob is alleged in the answer herein to be the owner of the property in controversy, but there was no case pending between him and this defendant, and it is apparent that the use of his name as plaintiff was a clerical error; and, as the defendant expressly admitted that he was not misled, we think the motion to strike from the calendar was properly denied.

2. The defendant also objected to the reception of any evidence under the pleadings, on the ground that the complaint was insufficient, and no demand was alleged. The complaint shows that the wheat in controversy belonged to the plaintiff, and was taken by the defendant, as sheriff, upon a warrant of attachment against the property of Jacob Homberger, and that the defendant had wrongfully converted and disposed of the same. The complaint is somewhat obscure, but, taking the pleadings together, the issues between the parties, and upon which the case was tried, are fully and clearly defined; the most important one being whether the wheat was owned by plaintiff, and was taken by defendant from his possession, or whether it was the property of Jacob, and in his possession when seized. The complaint fails to state that it was taken from plain-

tiff's possession, but the answer alleges it to have been in the possession of Jacob when taken, which the reply denies, and alleges that it was then in the possession of plaintiff. The plaintiff's evidence tended to show this, and no demand was necessary to be shown in order to make out a *prima facie* case. The issues were in fact narrowed down to the questions whether the transfer of the property to plaintiff was valid against Jacob Homberger's creditors, and whether the plaintiff in the attachment suit was such creditor.

3. It was then material and proper for the defendant to establish the relation of debtor and creditor between the plaintiff and defendant in that suit. *Braley* v. *Byrnes,* 20 Minn. 389, (435.) This question arose on the cross-examination of Jacob Homberger, who was a witness for the plaintiff. In answer to a question by defendant's counsel he had stated that he did not owe one Frazee, the attachment creditor, this note sued on, and that he was swindled out of it. The defendant sought further explanation from the witness in reference to the amount and character of the note, which was ruled out under his exception, and he thereupon offered to prove by the witness the consideration of the note, and the circumstances under which it was given. This was objected to generally, as incompetent, irrelevant, and immaterial, which objection was sustained by the court, and defendant excepted. The plaintiff now insists that the evidence was improper on the cross-examination, and at that stage of the case. It will be observed, however, that the court ruled that the evidence was generally incompetent and immaterial in the case, and not that it was improper as a part of the cross-examination; and, in view of the previous testimony of the witness, we think the defendant was entitled to make further inquiries of him in respect to the indebtedness in question, substantially as embraced in the offer, and that the rejection of it was error. Without further explanation by the witness, the jury might be led to infer that the claim was fraudulent and unfounded.

4. The plaintiff testified, in his own behalf, that he bought the wheat of his sister two weeks before it was taken by defendant; that she lived with Jacob, their brother; and that she had bought the land of him, and he (Jacob) had raised the wheat for her. These transactions are so connected together between members of the same family

that, upon the issue of the real ownership of the wheat as against Jacob's creditors, it was proper, upon this cross-examination of the plaintiff, to allow the defendant to inquire fully into the consideration and circumstances of the alleged sales,—whether, for example, he had actually paid the consideration of his purchase, and whether he knew what his sister paid for the land. *Bowers* v. *Mayo,* 32 Minn. 241, (20 N. W. Rep. 186.) He was entitled to make this inquiry of plaintiff, and to test his knowledge of the particulars of the alleged sale to his sister; and this error was not cured by the fact that similar questions were permitted to be answered by Jacob Homberger on his cross-examination.

No other points in this case require to be considered, but, for the reason suggested, we think a new trial should be granted.

Order reversed.