## LOUIE S. RIDDELL *vs.* GEORGE H. MUNRO.

Argued April 19, 1892.    Decided May 16, 1892.

**Evidence—Fraudulent Sale as against Creditors.**—On an issue of title to property alleged to have been fraudulently transferred, much latitude is allowed on the cross-examination of a party claiming to own the same. Not only the circumstances of his purchase, but his financial condition, and his object in making it, and the situation, character, and value of the property, may all become material matters to be inquired into.

**Damages—Measure of to Bona Fide Purchaser.**—Whether a *bona fide* purchaser, who has paid only a portion of the purchase money before notice of the fraudulent intent of his immediate vendor, in an action of trespass against the sheriff who has levied in behalf of creditors, can recover more damages than the amount he has paid, will depend, in each case, upon the extent of his liability over to his vendor under the contract of purchase.

Appeal by defendant, George H. Munro, from an order of the District Court of Stevens county, *Powers*, J., made August 20, 1891, refusing a new trial.

R. C. Munger, of St. Paul, sold to George T. Elsham and Herbert J. Northcott pianos and other musical merchandise, and on May 6,

1889, received their notes therefor, due four months thereafter. They failed to pay, and on February 4, 1890, he obtained judgment against them upon the notes for $815.85. On the same day he caused an execution to be issued thereon, and delivered it for service to the defendant, George H. Munro, sheriff of Stevens county. Under the writ the sheriff levied upon one Briggs upright piano No. 7,377, and advertised and sold it at public auction.

The plaintiff, Louie S. Riddell, brought this action against the sheriff, claiming to be the owner of the piano. It was one of the pianos sold by Munger to Elsham & Northcott, April 26, 1889, and its price, $265, was included in the notes. Elsham, on June 6, 1889, sold his interest in the stock and business to his partner, who assumed the liabilities. On July 27, 1889, this Herbert J. Northcott sold the business and stock of goods to his brother, Louis Northcott, then about twenty-one years old. Louis sold this piano to plaintiff, a barber and next-door neighbor, for $400, and got $20 in cash and plaintiff's note for the balance, payable $5 each month until fully paid. He afterwards paid two of the installments. Defendant claimed that the sale to Louis Northcott and the sale by him to plaintiff were both made to hinder, delay, and defraud the creditors of Herbert J. Northcott, and that plaintiff and Louis Northcott both had notice and knowledge thereof sufficient at least to put each of them upon inquiry.

The trial was had at Morris, March 18, 1891, before the court and a jury. Plaintiff was a witness for himself as to his purchase of the piano and its value. On his cross-examination he was asked whether he owned, at the time, any property other than his barber shop, as stated in the opinion. The Judge charged the jury to return a verdict for plaintiff for the value of the piano, and sent them out to determine the value. They returned a verdict for $400. A case containing exceptions was made, settled, and signed, and on it defendant moved for a new trial, and, being denied, appealed.

*S. A. Flaherty*, for appellant.

Great latitude is allowed in the examination of parties connected with transactions like the one under investigation. Where the par-

ties to the alleged fraudulent sales are numerous, and the surroundings complicated, the rule should not be so limited and circumscribed as to practically destroy its effectiveness. The ability of the purchaser to make the pretended purchase is, in nearly every instance, a proper matter to be inquired into. *Stebbins* v. *Miller*, 12 Allen, 591; *King* v. *Cohorn*, 6 Yerg. 75; *Sweetser* v. *Bates*, 117 Mass. 466.

A vendee who is not to become the owner until he has fully paid for the property, or performed some other condition precedent, has not the title until the price is fully paid, or condition performed, and the property may be levied upon and sold for the debts of the vendor. *Everett* v. *Hall*, 67 Me. 497; *McMillan* v. *Larned*, 41 Mich. 521; *Brown* v. *Haynes*, 52 Me. 578; *Davis* v. *Bradley*, 24 Vt. 55; *Hubbard* v. *Bliss*, 12 Allen, 590; *Porter* v. *Pettengill*, 12 N. H. 299.

*Reynolds & Townsend* and *H. T. Bevans*, for respondent.

The ruling of the court in excluding the question in plaintiff's cross-examination was merely in reference to the order of introduction of evidence, which is always discretionary. Fraud was the defense, and it was perfectly proper for the court to require the defendant to make that issue a part of his own case, and to refuse to hear cross-examination of the plaintiff in reference to it, until defendant had entered upon his defense.

VANDERBURGH, J. The piano in controversy was levied upon by the defendant sheriff as the property of one Herbert J. Northcott, judgment debtor. Plaintiff sues to recover the value of the instrument. The defense is that the same was part of a stock of goods belonging to Northcott which had been fraudulently transferred to Louis Northcott, a younger brother, who had notice of and participated in the fraud, and that an alleged transfer by the latter to the plaintiff is also fraudulent. Plaintiff's alleged purchase was on credit, the price being payable in installments of five dollars each, and with a stipulation in the contract that the title should not pass until payment in full.

One of the questions involved in the case, therefore, was whether the plaintiff was a *bona fide* purchaser. He testified, generally, that he

was the owner of the property when it was taken by defendant. He was cross-examined touching the circumstances of the purchase, and, among other things, testified that he was a barber, and owned the furniture or outfit of a barber shop when he made the purchase. He was then asked: "Did you own any other property at that time?" This was ruled out, under objection, and the refusal of the court to allow evidence of that kind is assigned as error. In such cases great latitude is properly allowed upon the cross-examination. The circumstances of the parties, and the situation and nature of the property, may be inquired into in order to show more fully the real nature and object of the purchase. The evidence should have been received. *Bowers* v. *Mayo*, 32 Minn. 241, (20 N. W. Rep. 186;) *Homberger* v. *Brandenberg*, 35 Minn. 401, (29 N. W. Rep. 123.)

There was sufficient evidence implicating Louis Northcott with the fraud to warrant the jury in finding that the alleged transfer to him was fraudulent, and the property subject to the claims of the creditors of his brother; so that, if they were further satisfied that the transfer to plaintiff was also fraudulent, or with notice of the fraudulent character of the previous transfer, or that the circumstances were sufficient to put the plaintiff upon inquiry, the transfer to him would be held void also; and any facts or circumstances tending to prove this would be sufficient to send the case to the jury, upon the issue of the validity of plaintiff's claim, as against the defendant.

Plaintiff had paid but two installments, of five dollars each, on the piano; and the question was also raised whether his recovery should not be limited, in any event, to the amount advanced by him before notice of the fraud. As against judgment creditors, his recovery would be so limited, provided he was not answerable over to Louis Northcott for the balance on the contract with him; but this could not be determined, as against the latter, unless he was a party or was bound to take the burden of the litigation for breach of warranty of title. As this does not appear, we cannot hold the ruling of the court wrong on the question of the damages.

*Jellett* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 265, (15 N. W. Rep. 237.)

Order reversed.

(Opinion published 52 N. W. Rep. 141.)