Farr vs. The State Bank of Phillips and another.

FARR, Appellant, vs. THE STATE BANK OF PHILLIPS and another, Respondents.

| 87  | 223 |
| 107 | 650 |

*February 23 — March 16, 1894.*

*Mistaken or insufficient levy: Return of property: Nominal damages.*

1. Where, through an honest mistake, an execution is levied upon property not liable to seizure thereon, or the levy is insufficient, and upon discovery of the mistake and before an action for the conversion is brought the property or a part thereof is returned to the person from whom it was taken, nominal damages only can be recovered for the taking of the part so returned, unless special damages are shown.

2. The failure to include nominal damages for the taking of the part returned in a verdict and judgment for the value of the part not returned, such omission not affecting the question of costs, is not a material error.

APPEAL from the Circuit Court for *Price* County.

This is an action for the wrongful conversion by the defendants of one span of horses, two yoke of cattle, one cook stove, forty pairs of blankets, fifteen quilts, and five

sets of logging sleighs; and the plaintiff claimed title thereto under a chattel mortgage made by one Houghton, who had possession of the property when it was taken by the defendant *Hunt*, as sheriff, under an execution in favor of the defendant the *State Bank of Phillips* against said Houghton. Until the sale the property was left in and about Houghton's barn, in charge of a custodian. The plaintiff notified both defendants of his title and claim to the property, and forbade the sale, demanding its release or return; but it was sold to various purchasers. The next day after the sale the defendants, thinking that an insufficient or mistaken levy and sale thereof had been made, returned to the said Houghton, and left in his barn, all the property sold, except the larger yoke of oxen, eleven pairs of blankets, and one cook stove; but both the plaintiff and Houghton declined to accept the property. The horses and yoke of oxen were turned by Houghton out of his barn. He subsequently hired them out for their keeping, the other property remaining in the barn.

The jury found a special verdict, among other things, that the defendants converted the property described in the complaint as alleged; that the defendant *Hunt*, after making an attempted levy and sale, returned all of said property and left it in the possession of Houghton, with the exceptions already stated, before the commencement of the action, and notified the plaintiff of the facts; that the value of the property sold and retained by purchasers was $150, and the value of the property so returned was $580. The plaintiff moved, on the verdict and minutes of the court, for a judgment against the defendants for the value of the entire property, but the court denied the motion, and gave judgment in favor of the plaintiff for $150 damages and costs, from which the plaintiff appealed.

For the appellant there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

For the respondents there was a brief by *Cate, Jones & Sanborn,* attorneys for the *State Bank of Phillips,* and *John F. Owen,* attorney for *Hunt;* and the cause was argued orally by *G. W. Cate.*

P<small>INNEY</small>, J. The only error assigned is that the court should have rendered judgment for the entire value of the property converted. In the case of *Churchill v. Welsh,* 47 Wis. 39, 45, the right of the defendant in an action of trover to return the property converted, where it is possible to do so, in mitigation of damages, was very fully considered, and it was there said that after suit brought the court will, under certain circumstances, permit the defendant " to bring the property claimed into court for the plaintiff, with the costs up to that time, and will then order a stay of proceedings, or permit the plaintiff to proceed with the action at the risk of having the costs finally adjudged against him unless he be able to show that he has been specially damaged by the conversion of the property by the defendant, in addition to its value at the time of the return; or the court will in a proper case, after verdict, upon a tender of the property, reduce the verdict to nominal damages;" and the authorities bearing upon the subject of the return of property in actions of trover in mitigation of damages were there collated and considered. In the subsequent case of *Warder v. Baldwin,* 51 Wis. 450, 459, it was held that if an officer, as soon as he finds that he has by mistake levied upon the *wrong* property, tenders it back to the person from whose possession he took it, and leaves it on his premises, and thereafter asserts no claim to its possession, the damages recovered for the taking should be merely nominal, unless it is shown that the plaintiff has suffered, by reason of the seizure, special damages apart from the mere value of the property. The property seized in *Warder v. Baldwin, supra,* was a reaper in the possession of

the mortgagor, and to whose possession it was returned, and the action was brought by the mortgagee. It was said that, "if no tender be shown previous to the commencement of the action, the offer then made to return the property and pay the costs should be considered."

A mistake as to the validity of a levy or the liability of property to be seized on an execution is not distinguishable, in our judgment, from a levy or seizure of the wrong property by mistake, as in the case cited. In either case the question is as to the liability of the property to seizure and sale under the particular process. The rule is stated in 3 Sutherland on Damages, sec. 1141, to be that, " where the defendant, in an honest and *bona fide* endeavor to enforce a right or a supposed right, or to exercise a power, deals with the property in such a manner as constitutes a conversion, either because the right or the power was wholly or partially wanting, or has been exceeded or irregularly asserted or exercised, the courts generally consider the whole transaction, and award only such damages as are necessary for a complete reparation."

The case of *Warder v. Baldwin, supra,* establishes a reasonable and just rule, and is decisive of this appeal. There was no fact or circumstance attending the levy or sale tending to show bad faith or wanton or oppressive conduct, and calling for the application of any other rule of damages than the value of the property. It was competent, therefore, for the defendant to return the property before action to the possession of the plaintiff's bailee or custodian, from which it was taken. No previous order of the court could have been obtained, for no action had then been commenced. The contention that the property returned had been injured or had deteriorated in value in consequence of the acts of the defendants, or that the plaintiff had suffered special damages for any cause, is not open for consideration, for the reason that it does not appear that the

plaintiff asked to have any such question submitted to the jury; and there is no finding of such damages in the verdict upon which the plaintiff moves for judgment. Undoubtedly the plaintiff was entitled to nominal damages, at least, for the seizure of the property so returned; but the neglect to include such nominal damages in the verdict and judgment, when the omission does not affect the question of costs, is not error justifying a reversal of the judgment.

For these reasons the judgment of the circuit court must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.