JOHN J. SUTTON v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 23, 1906.

Nos. 14,914—(86).

**Trover and Conversion.**

While a demand in an action of trover must be unconditional, the refusal to abide by the conditions of special property does not operate as a conversion, where a reasonable qualification is annexed to that refusal.

**Questions for Jury.**

It is ordinarily for the jury, under proper instructions from the court, to pass upon the existence of the qualification and its reasonableness.

**Nominal Damages.**

In cases of merely technical conversion, where the property was returned in the same condition as before the unauthorized act, not only when the owner voluntarily receives back the goods, but also when he takes them back against his will, the plaintiff will be entitled to only nominal damages and costs.

**Damages.**

Plaintiff paid for his shipment as emigrant movables and stock. On arrival at destination, defendant refused to deliver until additional charges had been paid, because of alleged erroneous classification. On plaintiff's refusal to pay these charges, there was dispute in evidence as to a qualified refusal to deliver. Defendant placed the stock in a livery stable. Subsequently it notified plaintiff that his stock was at such place at his expense. He did not take his property. In its charge to the jury, the court assumed a conversion. The jury found for plaintiff in a sum based on the ordinary measure of damages in conversion. It is *held* that, in view of the actual course of trial, plaintiff was entitled to recover such damages.

Action in the district court for Marshall county to recover $1,950 for the conversion of certain property. The case was tried before Grindeland, J., and a jury, which returned a verdict in favor of the plaintiff for $1,435.10. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. W. Mason* and *Robert A. Hastings,* for appellant.

*John J. Sutton,* pro se.

[1] Reported in 109 N. W. 815.

JAGGARD, J.

The plaintiff and respondent shipped certain property, including horses and mules, as emigrant movables and stock from a point in Wisconsin, over the Chicago, St. Paul, Minneapolis & Omaha Railway Company, through the Minnesota Transfer, destined for Argyle, Minnesota, at an agreed rate which plaintiff paid. The property arrived at the Minnesota Transfer and was thence reshipped to its destination, over the Great Northern Railway Company, the defendant and appellant. Before it was so finally transported, the defendant wired its agent at Argyle to "locate" the plaintiff and advise him that it would forward his car containing five horses, four mules, etc., at emigrant rates. The plaintiff asked that the shipment be made at once. On August 19 the defendant telegraphed: " * * * Shipment will be forwarded today." When the goods and stock reached Argyle they were not delivered to plaintiff on demand. He was informed by the local agent that, because of error in the original shipment as emigrant movables, there were $77.15 additional charges under proper classification, which would have to be paid before the property would be delivered. Plaintiff declined to pay these charges. There was testimony that at this time the agent told the plaintiff that, if he would show a receipt for prepaid freight on the property, the agent would deliver it to him free. Other testimony contradicted this. The live stock was thereupon placed in a livery stable at Argyle. This was on August 21. On August 23, plaintiff was notified that his stock was at a livery stable in Argyle and at his expense, and that the railroad company had nothing further to do in the matter. Plaintiff brought this action in conversion. The jury returned a verdict for $1,435.10. From an order denying defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial, defendant took this appeal.

The first point made upon appeal is that the testimony upon trial did not show, as a matter of law, any conversion by defendant, as the trial court in its charge erroneously assumed; that testimony tended to show that, upon demand by plaintiff, the refusal of the defendant to deliver was not absolute. The rule of law is well settled that, while a demand in an action of trover must be unconditional, the refusal to abide by the conditions of special property does not operate as a conversion where a reasonable qualification is annexed to that refusal.

Solomons v. Dawes, 1 Esp. 83; Green v. Dunn, 3 Camp. 215, note; Gunton v. Nurse, 2 Brod. & B. 447; Alexander v. Southey, 5 B. & Ald. 247; Mount v. Derick, 5 Hill, 455; Blankenship v. Berry, 28 Tex. 448; Bolling v. Kirby, 90 Ala. 215, 7 South. 914, 24 Am. St. 789. It is ordinarily, however, for the jury, under proper instructions from the court, to pass upon the existence of the qualification and its reasonableness. McCormick v. Pennsylvania, 49 N. Y. 303 (et vide 80 N. Y. 353); Alexander v. Southey, supra; Ingalls v. Bulkley, 15 Ill. 224; Burroughs v. Bayne, 5 Hurl. & N. 296; Connah v. Hale, 23 Wend. 462.

The most favorable construction of facts in this case, under these rules of law, is that the defendant was entitled to have had submitted to the jury the facts as to the qualification. No request to that end was made. On the contrary the case was tried on the theory of an unconditional tender. The failure of the court to submit the issues was not raised with sufficient definiteness either in the defendant's motion after verdict or by assignment of error in this court. In view of this state of the record and of a number of other considerations, upon which it is unnecessary to here enlarge, we conclude that there was no reversible error in the assumption of the trial court that there had been a conversion so far as this point is concerned.

The second point made by the appeal was that, if there were a conversion at all, it was merely a technical one with no intent on the part of the appellant to make any claim to the property, except to assert a supposed lien; that shortly afterwards it unconditionally tendered to the respondent the property, unchanged and undamaged, and that, in view of these facts, the court erred in treating the value of the property as the measure of damages. This view of the law accords with both reason and authority. There are cases of wilful or substantial conversion, as distinguished from cases of merely technical conversion. Wherever there is an unauthorized act which deprives the owner of his property permanently or for an indefinite time, there is a conversion. The law must afford a remedy to the person entitled to the immediate possession of the property. Trover is an appropriate and historical remedy. The unauthorized act, however, may be of such a character that the action of trover amounts to little more than a vindication of the right of possession. In ordinary cases, the measure of damages is the familiar one—the value of the property at the time of

the unauthorized act, with interest. In cases of merely technical conversion, where the property was returned in the same condition as before the unauthorized act, not only when the owner voluntarily received back the goods, but also when he took them back against his will, the plaintiff will be entitled to only nominal damages and costs. To award more would be to exceed compensation under circumstances not justifying any other measure of damages; to award less would be to justify a wrong. "A conversion cannot be purged." Lord Bramwell in Hiort v. London, 4 Exch. Div. 188, 195, Lord Thesiger, p. 197; and see Warder v. Baldwin, 51 Wis. 450, 459, 8 N. W. 257; Churchill v. Welsh, 47 Wis. 39, 1 N. W. 398; Farr v. State Bank, 87 Wis. 223, 58 N. W. 377, 41 Am. St. 40; Bigelow v. Heintze, 53 N. J. L. 69, 21 Atl. 109; Delano v. Curtis, 89 Mass. 470, 475; Pollock, Torts, *p. 296 and *p. 298. And it may be conceded in this case that, if the owner of a special property immediately or within a reasonable time after a refusal to deliver, due to a bona fide mistake, unconditionally tenders, to the person entitled to immediate possession, the goods uninjured, unchanged and without deterioration, the damages may be mitigated or reduced to a nominal sum.

Defendant's difficulty is to be found, not in the law upon which he relies, but in the facts to which he seeks to apply it. The tender in this case was not absolute. It imposed upon plaintiff the search of at least two livery stables, shown to have been in the town of Argyle; he was not required by law to make that search. It involved the payment of expense there contracted; he was not required by law to defray that charge occasioned by defendant's misconduct. The tender was not immediate; the stock was withheld from its rightful owner and possessor from the 21st to the 23d day of August. The trial court might have held that this retention of stock for that length of time at that period of the year under the circumstances set forth in this record was unreasonable as a matter of law. No request was made to submit to the jury any issue concerning the reasonableness of that time, nor is any failure of the court in this respect properly made the object of assignments of error. The tender upon which defendant relies did not, therefore, constitute the complete reparation of defendant's wrong, which is essential to such a plea in mitigation of damages. Moreover, in view of the actual course of trial and especially of the remarks of

counsel 'for defendant after the testimony was closed, and before the charge to the jury, the defendant is in no position to complain of the actual charge of the court, either as to tender or as to the measure of damages adopted by the court.

Finally, defendant contends that there was no conversion, because the contract claimed by plaintiff was void as involving an unlawful discrimination by a public carrier, in this: That not all the property was properly classified as emigrant movables. See Texas & Pac. Ry. Co. v. Mugg, 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011; R. L. 1905, § 2015. That defense was not specifically asserted by way of answer. The issue was not litigated upon trial, nor were the merits of such a controversy fairly presented below nor raised by the assignments of error here.

Order affirmed.