WILLIAM O. MERZ v. FRANK CROXEN.[1]

July 19, 1907.

Nos. 15,233—(140).

### What Constitutes Conversion.

To constitute a conversion of personal property, there must be some repudiation of the owner's right, or some exercise of dominion over it inconsistent with such right, or some act done which has the effect of destroying or changing its character.

[1] Reported in 112 N. W. 890.

**Evidence.**

> Appellant's minor sons, with the consent of the person in possession, although not the owner, took and used a farm implement and then returned it as directed. *Held*, it does not appear as a matter of law that such taking and usage constituted conversion of the chattel.

Action in the district court for Sherburne county to recover $125. Plaintiff's trustee in bankruptcy intervened and claimed to be entitled to any judgment recovered. The case was tried before Giddings, J., and a jury, which rendered a verdict for $100 in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed.

*J. M. Pulliam,* for appellant.

*James C. Tarbox,* for respondent.

LEWIS, J.

Action in conversion for the value of a manure spreader. The essential facts are as follows: In September, 1904, respondent mortgaged two manure spreaders, in connection with other personal property, to the Security Bank of Monticello, and the following December was adjudged a bankrupt. The spreaders were not included in the schedule of his debts. The bank, as mortgagee, secured possession of the property described in the mortgage and turned it over to respondent, under an agreement that he should sell the property and account to the bank for the money. About the last of March or first of April, 1905, appellant sent the spreader to the railway station at Monticello for the purpose of shipment; but the man in charge left it on the opposite side of the street from the depot, in front of a barn occupied by one Crosier, who carried on an express and drayage business. About April 15 two minor sons of appellant were engaged in hauling and spreading manure on their father's farm, which was located about half a mile from Crosier's barn. One of the boys testified that Mr. Crosier told them there was a spreader in front of his barn which they could get, and, when through with it, to wash it up and bring it back. The boys took the spreader and used it three days; but appellant was not aware of their using it until they had hauled three or four loads. While using the machine one of the links in the chain broke; but it was repaired and the machine was

cleaned and taken back, as they testified, in all respects in as good condition as when the boys got it. Respondent testified that he did not know appellant had taken and used the machine until about three months thereafter, but admitted that he had taken it back to his farm and attempted to sell it at a public sale in August, and claimed that, upon discovering that appellant had used and damaged it, he declined to accept it and brought this action in conversion for its value.

The trustee in bankruptcy intervened, claiming to be the owner of the spreader and entitled to whatever damage might be recovered. The trial court instructed the jury that the taking of the machine constituted technical conversion, and submitted two questions: First, whether or not respondent accepted the machine after discovering it had been used by appellant; second, what was the value of the machine, if they should find that respondent did not accept it? The court also instructed the jury to return a verdict for either respondent or the intervenor, as they should determine who was the owner of the machine. Respondent recovered a verdict.

We deem it necessary to consider only one question, viz., whether the act of appellant and his sons, as a matter of law, amounted to conversion. At the trial counsel for respondent took the position that the action was in trover, for the value of the machine, and not an action in trespass for damages, and the court accordingly so instructed the jury.

Pollock, Torts (6th Ed.) defines conversion as an unauthorized act which deprives another of his property permanently, or for an indefinite time, and at page 345 states: "Merely ministerial dealing with goods, at the request of an apparent owner having the actual control of them, appears not to be conversion." This definition is approved in Jaggard, Torts, 706, and at page 722 the author says that an act of conversion is committed when one of the following circumstances exist, or more than one concur: When the property is wrongfully taken, parted with, retained, or destroyed. In trespass there is always either an original wrongful taking, or a taking made wrongful by the subsequent misconduct; while in trover the original taking is assumed to be lawful, and the wrong consists in a refusal to surrender possession. Cooley, Torts (3d Ed.) 847. In the case of Frome v. Dennis, 45 N. J. L. 515, the defendant borrowed plaintiff's plow from one

who had possession of it, but who had no right to lend or use it, and after using it a few days defendant returned it to the possessor, all the time supposing it belonged to him. It was held that defendant was not guilty of conversion. The court approved of the following definition: "To constitute a conversion of goods, there must be some repudiation of the owner's right, or some exercise of dominion over them inconsistent with such right, or some act done which has the effect of destroying or changing the quality of the chattel."

If appellant's sons had reason to believe that Mr. Crosier was the owner of the spreader, or had possession and control over it, and the right to loan it, they were not guilty of conversion in accepting his suggestion. If the boys acted in good faith, the taking in the first instance was not wrongful; and if they used it in good faith, believing they were authorized to do so, then the use did not, of itself, indicate a purpose to convert the property to their own use and constitute conversion. Conceding that appellant and his sons might, by their conduct, have assumed such control and dominion over the machine as to indicate a disregard of the owner's rights, thus constituting conversion, the evidence in that respect was conflicting, and the court was in error in assuming that the facts made out a case of conversion as a matter of law.

Order reversed.