# PEARL BRANDENBURG v. NORTHWESTERN JOBBERS CREDIT BUREAU and Another.[1]

February 11, 1915.

Nos. 19,097—(288).

**Conversion — evidence.**

1. To constitute a conversion of personal property of another there must be some exercise of the right of complete ownership and dominion over it to the total exclusion of the rights of the owner, or else some act done which

[1] Reported in 151 N. W. 134.

destroys it or changes its character or in some way deprives the owner of it permanently or for an indefinite length of time.

Same.

2. Conversion may be proved by demand and refusal of possession, but evidence of this is not necessary if there is other evidence of actual conversion.

Same — commingling of goods.

3. Neglect of a bailee to notify the bailor of a sale of the premises where a gratuitous bailment is kept is not a conversion where no loss or misappropriation follows; nor is the advertising of goods for sale through mistake a conversion so long as there is no sale or loss or misappropriation; nor is the sale of a few articles which have in some manner become commingled with the bailor's goods a conversion of the whole stock, in the absence of evidence as to how the commingling took place.

Action in the district court for Ramsey county to recover $800.63 value of the goods alleged to have been converted. The case was tried before Catlin, J., who at the close of plaintiff's case granted the motion of defendant Credit Bureau to dismiss the case as to it. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*Charles M. Brewer* and *F. A. Pike,* for appellant.
*Todd & Kerr* and *Walter Fosness,* for respondent.

HALLAM, J.

This is an action in conversion. The court dismissed the action at the close of plaintiff's case and plaintiff appeals. The facts are as follows:

Plaintiff's husband conducted a general store at Faribault. Plaintiff conducted a millinery business on a balcony of the store. The husband failed and transferred his stock to a representative of defendant Northwestern Jobbers Credit Bureau, for the benefit of creditors, and the bureau took charge of the stock and building. When this occurred, plaintiff discontinued her millinery business, packed her goods in boxes, and left them in the balcony, by permission of the bureau's representative. She paid nothing for the privilege. In other words, the bureau was a gratuitous bailee. There is

evidence that the representative of the bureau agreed to notify plaintiff when it disposed of the stock or put any one else in possession. A few weeks later the husband's stock was sold to defendant Wendlandt and he was put in possession of the store. Wendlandt at once proceeded to advertise the stock for sale. Under the mistaken belief that the millinery was part of the stock he had purchased, he prepared an advertisement announcing a "trustee's sale" of the stock, and included the millinery stock in the advertisement. Before the sale commenced, he discovered his error. At no time after the sale commenced did he make any claim to the stock of millinery in the balcony. On the contrary, the evidence is undisputed that during the sale he instructed his clerks that the millinery stock belonged to plaintiff, and directed them not to touch it. There is evidence, however, that some small articles from this stock became in some manner commingled with the general stock and were sold by Wendlandt's clerks, and there is evidence that his wife took some articles from the millinery stock. There is also evidence that when an inventory of the millinery stock was taken, about a month later, the amount on hand was nearly $100 less than when inventoried at the time of closing the store. The bureau's representative did not notify plaintiff of the sale to Wendlandt, but a friend of plaintiff notified her by telephone before the trustee's sale commenced. Plaintiff went to the store a very few days later. She took no exception to any conduct of defendants, in fact she opened negotiations for leaving the stock in the balcony and for renting the balcony from defendant Wendlandt in order to reopen her millinery business.

Plaintiff does not sue for conversion of the few articles claimed to have been taken and sold, and she asks for no recovery on that basis. Her contention is that both these defendants converted the whole stock of millinery to their own use. The question is, did the evidence make out a *prima facie* case of such conversion? We hold it did not.

It is a little difficult to frame a comprehensive definition of conversion. In Burroughes v. Bayne, 5 H. & N. 296, Baron Bramwell observed that "after all, no one can undertake to define what a conversion is." But in general it may be said that to constitute a conversion of personal property there must be some exercise of the right of

complete ownership and dominion over it, to the total exclusion of the rights of the owner, or else some act done which destroys it or changes its character or in some way deprives the owner of it permanently or for an indefinite length of time. See Hodge v. Eastern Ry. Co. of Minn. 70 Minn. 193, 196, 72 N. W. 1074; McCurdy v. Wallblom F. & C. Co. 94 Minn. 326, 102 N. W. 873, 3 Ann. Cas. 468; Sutton v. Great Northern Ry. Co. 99 Minn. 376, 109 N. W. 815; Merz v. Croxen, 102 Minn. 69, 112 N. W. 890. Conversion is often proved by a demand of possession by the owner and refusal by the person in possession to deliver. There was no demand or refusal in this case. Demand and refusal are, however, merely evidence of conversion and need not be proved when there is other evidence of conversion in fact. Kronschnable v. Knoblauch, 21 Minn. 56; Kenrick v. Rogers, 26 Minn. 344, 4 N. W. 46; Homberger v. Brandenberg, 35 Minn. 401, 29 N. W. 123; Adams v. Castle, 64 Minn. 505, 67 N. W. 637; Hogan v. Atlantic Elevator Co. 66 Minn. 344, 349, 69 N. W. 1. The question is, was there in this case other evidence of an actual conversion?

As to the defendant Northwestern Jobbers Credit Bureau, the case is clear. There is not a single element of conversion by that defendant. It did not sell plaintiff's stock nor in any manner misappropriate it. The only delinquency claimed on its part was its failure to keep a promise to notify plaintiff that her husband's stock had been sold and the purchaser put in possession. But neglect of this sort on the part of a bailee is not conversion of goods which were in no manner misappropriated, injured or destroyed. See McCurdy v. Wallblom Furniture & Carpet Co. 94 Minn. 326, 102 N. W. 873, 3 Ann. Cas. 468. Nor could defendant's neglect in this particular have caused plaintiff any damage, for plaintiff was advised of the transfer by a friend before the "trustee's sale" commenced.

As to defendant Wendlandt, it likewise seems to us that the evidence falls short of proof of conversion. The mistaken advertisement of goods for sale not followed by any sale or by any exercise of dominion or ownership, is not a conversion. It has been held that even a paper sale of goods does not constitute conversion if made by mistake and there is no misappropriation in fact. 28 Am. & Eng. Enc.

(2d ed.) 700; Traylor v. Horrall, 4 Blackf. 317. There is doubtless evidence of conversion of some few articles of this stock and if recovery were asked for the value of these a case would be made for the jury. But it in no manner appears from the evidence how or under what circumstances these articles were taken or commingled. The conversion of a few articles out of the stock in some manner not disclosed did not constitute conversion of the whole stock which was untouched and as to which defendant at all times expressly disclaimed ownership or dominion.

Order affirmed.