(46 Misc. Rep. 76)

### SHELTON v. HOLZWASSER et al.

(Supreme Court, Appellate Term.  December 23, 1904.)

1. DOCUMENTS—EVIDENCE—INTRODUCTION—SUFFICIENCY.

Documents produced in court by plaintiff's witness, and marked for identification only, cannot be considered as admitted in evidence.

2. CHATTEL MORTGAGE—MORTGAGOR'S RIGHT TO POSSESSION.

Municipal Court Act (Laws 1902, p. 1533, c. 580) § 139, providing that no action can be maintained in that court on a chattel mortgage, except an action to foreclose a lien does not preclude a chattel mortgagee from taking possession of chattels under the right to do so given him by the terms of the mortgage.

3. SAME—CONVERSION.

Where goods are lawfully taken from a chattel mortgagor by the mortgagee under the mortgage, a detention thereof by the mortgagee is not unlawful, where no demand is shown to have been made on the mortgagee for a compliance with the terms of the mortgage, or a demand for the return of the property, accompanied with tender of the amount due thereon, before sale.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Maude M. Shelton against William Holzwasser and others.  From a judgment for plaintiff, defendant Holzwasser appeals.  Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE, and MacLEAN, JJ.

Myron Sulzberger, for appellant.

FREEDMAN, P. J.  The following extract from the opinion of the court below shows upon what alleged facts and upon what assumed legal basis the judgment was rendered in favor of the plaintiff herein:

"The plaintiff was the owner of certain chattels upon which the defendant Holzwasser held a chattel mortgage.  The condition of such mortgage was not complied with, and, the plaintiff being in default to the extent of $78, the mortgagee sought to enforce his right to possession of the chattels by bringing an action in replevin in the Municipal Court, in derogation of the express provision of section 139 of the Municipal Court act [Laws 1902, p. 1533, c. 580], that no action could be maintained in this court which arises on a chattel mortgage, except an action to foreclose the lien.  Notwithstanding this provision, a writ of replevin was issued, and executed by the defendant Young, who is a city marshal, with the assistance of the defendant Williams, who is an employé of the defendant Holzwasser.  The chattels were taken from the possession of the plaintiff under the writ, a return made to the court, and the chattels delivered to the defendant Holzwasser.  The plaintiff appeared in that action, which resulted in a discontinuance by the plaintiff there on payment of costs.  The plaintiff brings this action against the defendants, alleging that their action constituted a conversion of her property."

After dismissing the complaint as to the defendants Young and Williams, the opinion continues:

"As to the defendent Holzwasser a different situation is presented.  It appears that some time in September, 1903, he got possession of the plaintiff's chattels, and has never restored them to her.  To secure that posses-

¶ 1. See Trial, vol. 46, Cent. Dig. § 93.

sion, he employed the agency of this court in a way that he was not entitled to make use of it, but I am not now considering the means by which he got possession, but am dealing only with the fact that he did secure the chattels at the time mentioned. The only justification he can present for having and keeping the plaintiff's goods is that his chattel mortgage gave him the right of such possession. This is a qualified right, however, and he could take the chattels only for the purpose of satisfying his lien upon them. I think that the long-continued possession of the chattels by this defendant after they came into his power to dispose of in satisfaction of his lien raises the implication that he has converted them to his own use, in disregard to any right therein of the plaintiff. I find, therefore, that the chattels have been converted by this defendant; and, following his own sworn estimate of their value as made in the affidavit presented in the replevin action, I find their value to be $161.40. If the defendant has sold the chattels, he would be entitled to deduct the $78 due him from the proceeds before turning over the surplus to the plaintiff. That amount should be deducted now, and judgment given to the plaintiff for the sum of $83.40."

The return, as submitted to this court for determination, does not bear out the statement of facts given in the foregoing opinion of the learned justice. There was no judgment roll or other proceeding in replevin offered in evidence at the trial. What was characterized as a judgment roll in the case of Holzwasser v. Shelton was produced in court by plaintiff's witness, and was marked for identification only. The minutes of the trial do not show that such roll was ever offered, received, or marked in evidence. There is attached to the return a summons, with no proof of service thereof, an undertaking in replevin, not properly executed, a complaint, and an affidavit setting forth the value of certain property. These are indorsed, "Plaintiff's Exhibit for Identification." No writ of replevin is attached, nor does the testimony show that the chattels named in the affidavit aforesaid, and sued for here, were taken from the possession of plaintiff by virtue of a writ, or that, if there was such an action, it was "discontinued by the plaintiff on payment of costs." Whether the justice was mistaken in his statements, or the return is defective, we cannot state. This court must determine the appeal upon the record as submitted to us by the parties, so that there is no foundation for the assertion that plaintiff took possession of the property under a writ of replevin.

The defendant introduced in evidence a chattel mortgage given by the plaintiff to the defendant Holzwasser for the sum of $124.40, covering the chattels in question, which contained a clause which authorized him, upon default in payment of the whole sum or any part thereof, to enter upon the premises of the plaintiff, etc., and to take and carry away the goods, and to sell or dispose of the same at public auction or private sale, etc. Default in the payment of said mortgage was proven. From anything that appears in the record, the seizure of the goods in question was made in accordance with the provisions of the mortgage. That the defendant, by section 139 of the Municipal Court act, is limited to an action to foreclose a lien, if he brings any action based upon a chattel mortgage, etc., does not preclude him from taking possession of the chattels under the right to do so given him by the terms of the mortgage. That is all that, so far as the return before us

shows, was done by the defendant herein. Whether or not his method of taking possession constituted a trespass, need not be considered. It clearly did not constitute a conversion of the goods in question. If the taking was lawful, the detention is not unlawful, inasmuch as no demand is shown to have been made upon the defendant for a compliance with the terms of the mortgage, or a demand for the return of the property, accompanied with tender of the amount due thereon, before sale.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.