[No. 5269.  Decided April 19, 1905.]

## K. J. PHILLIPOS, *Respondent,* v. M. H. MIHRAN, *Appellant.*[1]

CONVERSION—COMPLAINT — SUFFICIENCY — FORM OF ACTION— WHEN NOT REPLEVIN—FORM OF VERDICT. A complaint which alleges the wrongful taking by defendant of goods belonging to the plaintiff, without his consent, a demand for the return of the goods or payment of their value, $260, and a refusal to pay for the same, praying judgment for the value, states a cause of action for a conversion, and is not in form an action for replevin; and a verdict for the sum of $260, without finding the value of the property, is the only proper form.

CONVERSION—COMPLAINT — SUFFICIENCY — ALLEGING SITUS OF PROPERTY. An allegation that defendant wrongfully took possession of property of the plaintiff, then in king county, Washington, is a statement that the property—not the plaintiff—was in King county at the time.

SAME—PLAINTIFF'S RIGHT OF POSSESSION. In conversion the allegation that defendant took possession of property of which the plaintiff was owner, is equivalent to an allegation that plaintiff was entitled to the possession.

TRIAL—VERDICT—FORM. A verdict in the form instructed by the court, with the addition of the words "in the above entitled cause," is in effect the filling in of the form instructed.

Appeal from a judgment of the superior court for King county, Griffin, J., entered December 16, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action for conversion. Affirmed.

*J. M. Wiestling,* for appellant.

*Hastings & Stedman,* for respondent.

DUNBAR, J.—This is an action brought by the respondent to recover for the value of four Turkish rugs, valued at $260, which he alleges the appellant had taken and

[1]Reported in 80 Pac. 527.

carried away without his consent. The answer was a general denial, and verdict was rendered in favor of plaintiff for $260, with interest. Judgment was entered therefor. From this judgment the defendant appeals.

The amended complaint is as follows, omitting the formal parts:

"Comes now the above named plaintiff and, for cause of action against the above named defendant, states and alleges as follows: That on or about the 10th day of May, 1901, the defendant took and carried away, without the consent of the plaintiff, four Turkish rugs, the property of the plaintiff, then in Seattle, King county, Washington, particularly numbered and described as follows, to wit: [describing them] and of the value set forth opposite their respective descriptions, being in all of the total value of $260, to which the plaintiff was then entitled to the possession. That the plaintiff has demanded that the defendant return to him the said rugs, or pay him the value thereof, but the said defendant has wholly failed, refused, and neglected to return said rugs or to pay him the value thereof. Wherefore the plaintiff prays for judgment for the value of said rugs, to wit, $260, with interest thereon from the 10th day of May, 1901, and for his costs and disbursements herein."

A demurrer was interposed to the original complaint, which was sustained; but the motion to dismiss was denied, and plaintiff, by leave of the court, filed the amended complaint hereinbefore set forth. Several errors are alleged, the principal contention being that this is an action in replevin, and that the verdict rendered, which does not state the value of the goods, is not in accordance with the provisions of Bal. Code, § 5020, which provides that, in an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict

be in favor of the plaintiff; and many cases are cited from this court sustaining the view that such a verdict is illegal.

But a glance at the amended complaint satisfies us that these questions are not proper for consideration here, and that the action here is a plain action for the value of the goods, alleged to have been converted. The requirement of the statute is that the complaint shall state a cause of action, in plain and concise language without unnecessary repetition, and it is not necessary that the action be designated either as one in replevin or one for conversion, or that any name whatever be given to it. The court, in considering the sufficiency of the complaint, will be content to inquire whether the facts alleged are sufficient to justify the judgment; and, when a complaint states facts constituting a cause of action in conversion, a recovery may be had, even though the relief asked for is in the form of an action in claim and delivery. But it is not necessary to go to that extent, in construing this complaint. While it is true that paragraph 2 of the complaint states that the plaintiff has demanded that the defendant return to him said rugs, or pay him the value thereof, but the said defendant has wholly failed, refused, and neglected to return said rugs, or to pay him the value thereof, this is but a statement of what had before occurred. But the complaint shows that the tort had been waived, and that the action was simply for the value of the property taken; and, were it not for that recital in paragraph 2, it would be the ordinary form of an action for conversion, stated in a concise and brief manner. Omitting that recital, all that there is contained in the complaint is, the allegation that the defendant carried the property away without the consent of the plaintiff, the value of the property, the demand for its value, and a prayer for the value thereof, to wit, $260.

The appellant moved to make the complaint more definite and certain, so far as paragraph 1 is concerned, which motion was overruled, the appellant contending that it was necessary to state in the complaint that the property was in King county, at any time before the commencement of the action. If such statement were necessary, we think that the complaint, properly construed, already contained that allegation. The statement that the defendant took and carried away the rugs, the property of the plaintiff, then in Seattle, King county, Washington, is a statement that it was the property—and not the plaintiff—that was then in Seattle, King county, Washington. So that the real question which was tried here, and properly tried, under the allegations of the complaint, was whether or not the appellant had taken the property of the respondent without his consent, and refused to pay for the same. We think there can be no question that such a cause of action is stated in the complaint, and that the form of the verdict was the only form of verdict that could have been rendered, under the allegations of the complaint and the answer. An allegation of a wrongful or tortious taking is equivalent to an averment that the defendant converted the property to his own use, and is sufficient without averring any other facts as to how conversion was accomplished. *Hutchings v. Castle,* 48 Cal. 152. The conversion is any unauthorized act which deprives a man of his property permanently. This complaint was amended by interlineation, by inserting at the end of the first paragraph the following words: "to which the plaintiff was then entitled to possession;" although we think, from the other statements in the allegation, that this amendment was not absolutely necessary to a proper statement of facts of conversion, because in conversion an allegation that defendant wrongfully took into his possession property of

which the plaintiff was the owner sufficiently alleges right of possession in plaintiff. *Kerner v. Boardman,* 14 N. Y. Supp. 787.

Without objection, the court instructed the jury, if they should find for the plaintiff, to find the form of the verdict provided by the court, which, after giving the title of the cause, was as follows: "We, the jury, do find for the plaintiff in the sum of $. . ;" and this verdict was, in effect, filled in by the jury when they returned the verdict: "We, the jury, in the above entitled cause, do find for the plaintiff in the sum of $260." The appellant cites copious extracts from decisions of this court in cases where the complaint upon which the case was tried was so different that no parallel can be drawn. The statement of facts convinces us that the verdict was justified by the testimony, and, as we are unable to find any error in the instructions of the court, or the admission or rejection of testimony, or in any other respect, the judgment will be affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.