RUDEMIEN v. BERSHADSKY.

(Supreme Court, Appellate Term.   March 10, 1910.)

CHATTEL MORTGAGES (§ 169*)—DEFAULT—POSSESSION BY MORTGAGEE—CONVERSION.

Where a chattel mortgagee, after default, took possession of property under the mortgage, which contained a clause authorizing seizure on default and sale 30 days thereafter, and the mortgagor demanded return of the property, but did not tender the amount due, and did not request that the property be sold to satisfy the debt, the mortgagee was not guilty of conversion.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 302; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Kasriel Rudemien against David Bershadsky. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

W. C. Damron, for appellant.

A. B. Schleimer, for respondent.

BIJUR, J. One Harris purchased furniture from defendant in July, 1905, and purchased some additional furniture elsewhere thereafter. At the time of purchase from defendant, he executed a chattel mortgage for $183.36, being the purchase price, payable $20 on signing, and $1.50 weekly thereafter. The mortgage contains the usual clauses as to the right of the mortgagee to take the property on default and sell it 30 days thereafter, etc. Plaintiff sues as a subsequent mortgagee, and also as assignee of Harris as to this cause of action.

In January, 1909, defendant, with a marshal and a number of men, took most of Harris' furniture away from his residence, claiming apparently to act under his power given by the mortgage. It is admitted that Harris was in default in his payments. Four or five days there-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after Harris asked defendant to return this property, which was refused. There is some dispute as to whether defendant took only the mortgaged furniture, or something additional; but it is vague. There is no claim that, when Harris made the demand for the return of the furniture, he tendered the amount then due to the defendant, or that he ever asked that defendant sell the property to satisfy the debt, as provided by the mortgage. Under these circumstances, the taking of the property being lawful, there was no conversion. Shelton v. Holzwasser, 46 Misc. Rep. 76, 91 N. Y. Supp. 328.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

LEHMAN, J., concurs. SEABURY, J., concurs in the result.