[No. 8926.    Department Two.    January 6, 1911.]

FIDALGO ISLAND SHINGLE COMPANY, *Respondent*, v. J. W. BROWN *et al.*, *Defendants*, and E. RUEGE *et al.*, *Appellants*.[1]

TROVER AND CONVERSION—WHAT CONSTITUTES—CONDITIONAL SALES. An attempted sale by one holding property under a conditional sale contract, without the consent of the owner, the changing of possession, and the use of the property by the assigns without paying up or acquiring title, is a conversion as against the owner and original vendor.

SAME—PLEADING—COMPLAINT—SUFFICIENCY.  A complaint in conversion states a cause of action when it alleges title to the property in the plaintiff, its wrongful taking without consent, demand for payment and refusal, and use, damage and destruction by the defendants.

[1]Reported in 112 Pac. 629.

SAME—DEFENSES—RETURN OF PROPERTY. Upon the conversion of property, the owner may treat it as such and is not required to take back the property, whatever its condition.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered December 3, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for conversion. Affirmed.

*E. M. Day* and *J. F. Moore*, for appellants.

*Romaine & Abrams*, for respondent.

MORRIS, J.—Appellants, being held under a judgment of conversion of certain personal property, appeal.

The errors assigned are, the overruling of a demurrer to the complaint; the allowance of an amendment to the complaint; denying motion for judgment; and in the findings establishing the conversion. The complaint alleged that, on January 28, 1909, plaintiff, under a conditional bill of sale, turned the property over to defendant Brown & Nims, at an agreed price of $3,100, which amount it was agreed might be paid by the delivery to plaintiff of certain sized lumber at prices therein fixed; that 150,000 feet of such lumber should be delivered on or before June 1, 1909, and the balance, payable in either lumber or cash, was to be paid during the year 1909.

It was also agreed that the property should be removed to the mill of the Crescent Lumber Company, in Whatcom county, and there kept and properly cared for until wholly paid for, and that title should remain in plaintiffs until so wholly paid for; that Brown & Nims, in March, 1909, delivered to plaintiff lumber of the value of $136.40, which is the only payment made under the contract; that on April 10, 1909, Brown & Nims sold the mill and plant of the Crescent Lumber Company, together with the property in controversy, to defendants Ruege & Cords, the bill of sale evidencing such sale reciting the agreement under which Brown & Nims held the

property, and the amount then due, which Ruege & Cords assumed, Brown & Nims assigning to Ruege & Cords all their interest in the agreement between plaintiff and themselves; that on September 2, 1909, Ruege & Cords assigned their interest in the conditional bill of sale to defendants Mathews & Gilfillan, reciting the amount then due, which Mathews & Gilfillan assumed; that the property has not been properly cared for, and a portion of it has been lost and destroyed; that several demands have been made of the defendants for a delivery of the lumber agreed upon as part payment, or a payment in cash, which have been denied. Judgment was demanded against all the defendants for the amount due. Defendants Brown & Nims were not served. The other defendants joined in a demurrer, upon the ground of defect of parties; that the action was prematurely commenced; that the court had no jurisdiction; and the failure to state a cause of action. The respondent then obtained leave to amend and, by way of amendment, pleaded that the several assignments of the conditional bill of sale were without plaintiff's knowledge or consent, and that the property had been converted by the defendants Ruege, Cords, Mathews and Gilfillan, and that the property had been damaged at least one half its value. The demurrer was then overruled.

We see no error in the allowance of the amendment, nor in the overruling of the demurrer. The attempted sale of the property, the changing of possession, without the knowledge or consent of plaintiff, the use of the property by Ruege, Cords, Mathews and Gilfillan, without having acquired any title thereto, was a conversion as against the plaintiff. *Terry v. Bamberger*, 44 Conn. 558; *Hyde v. Noble*, 13 N. H. 494, 38 Am. Dec. 508; *Robinson v. Bird*, 158 Mass. 357, 33 N. E. 391, 35 Am. St. 495; *Carter v. Kingman*, 103 Mass. 517; *Morrill v. Moulton*, 40 Vt. 242; *West Jersey R. Co. v. Trenton Car Works Co.*, 32 N. J. L. 517; *Woods v. Nichols*, 21 R. I. 537, 45 Atl. 548, 48 L. R. A. 773. The complaint showing the title to the property in the plaintiff, its wrongful tak-

ing without the consent of plaintiff, the demand for the lumber, or the agreed price, the refusal, the use, damage and destruction by defendants, stated a cause of action in conversion. *Phillipos v. Mihran*, 38 Wash. 402, 80 Pac. 527.

The evidence was stronger than the complaint in showing that Mathews and Gilfillan, after obtaining the property from Ruege & Cords, removed a portion of the property from the mill plant to where they were conducting a logging camp. There was ample evidence to sustain the finding of a conversion, and there was no error in this respect. What has been said disposes of the questions submitted by appellants. They make some complaint in their brief that the court should have found that the property was reasonably cared for, and could and would have been delivered to respondent at its request. Respondent was under no obligation to receive back the property, after its conversion by appellants, whatever the condition might have been. The use and possession of the property by appellants being in law a conversion, respondent could rightly treat it as such, and hold them to answer for such conversion.

We find no error and the judgment is affirmed.

Rudkin, C. J., Chadwick, Dunbar, and Crow, JJ., concur.