## PRODUCERS & REFINERS CORPORATION v. DE HART.

No. 14245—Opinion Filed, March 11, 1924.

Rehearing Denied Jan. 7, 1925.

(Syllabus.)

### Conversion—When no Right of Action—Possession of Chattels by Mortgagee.

Where defendant has actual possession of property, under a bill of sale, which has the effect of a chattel mortgage, and where such possession has been voluntarily surrendered to defendant by plaintiff, and where plaintiff has not fulfilled the conditions of such chattel mortgage, nor demanded return of such property, nor offered to comply with the conditions of such chattel mortgage, an action for wrongful conversion will not lie.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by J. E. DeHart against the Producers & Refiners Corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

George F. Carnine, George B. Schwabe, and Humphrey & Campbell, for plaintiff in error.

Poe & Lundy, J. E. Curran, and R. E. Morgan, for defendant in error.

HARRISON, J. This is an appeal from a judgment in an action for damages for wrongful conversion of two sets of drilling tools. The judgment was in favor of the plaintiff below, and for the sum of $10,842.43. We are unable to sustain this judgment for the reason that suit was brought and judgment rendered for a wrongful conversion and the record fails to show a conversion of the property within the judicially defined meaning of the term conversion.

The controversy grew out of a state of facts which substantially are as follows:

The defendant, Producers & Refiners Corporation, owned some leases in Wyoming, in fact it was a Wyoming corporation, but also owned some leases in Oklahoma. The plaintiff, DeHart, owned two sets of drill-

ing tools and entered into a verbal contract, the exact terms of which cannot be determined from the record, but under which the plaintiff, DeHart, agreed to remove both sets of tools from Oklahoma to Wyoming, and there do some drilling for defendant. The contract was entered into between plaintiff, DeHart, and F. E. Kistler, the acknowledged manager of the defendant corporation. It appears from the record that plaintiff had both sets of tools in Oklahoma, but was so indebted that he was unable to remove either set from the state without satisfying liens, or threatened suits, against him for said string of tools, and it is agreed that the contract between them was that he could remove both sets of tools to Wyoming, that defendant company was to advance the money to pay the expenses of the freight of both sets of tools, and did advance the freight and expenses of both sets, and also met other indebtedness against plaintiff, DeHart, to the amount of agreement, $6,350. It is not disputed that this sum was advanced to begin with, it is not disputed that this sum included the estimated cost of transporting both sets of tools, and is conceded that one set was never removed to Wyoming, but remained in Oklahoma, for reasons immaterial to a determination of the legal questions involved. It is also conceded that one set of tools was removed to Wyoming for the purpose of drilling, and were used in drilling certain designated wells, or on certain leases, the names of which are material to a determination of the legal questions involved. It is also conceded that the attempted drilling was profitable to neither party, and possibly damaging to both, for the reason that it was a failure. As to just who was responsible for the failure is not made clear by the record, but it is evident from the record that the plaintiff, De Hart, lost time at least, and defendant company lost money in the effort to drill in Wyoming, but as to just what the measure of damages should have been, and just who should have been held responsible for such damages, is not made clear.

It appears from the record, and is undisputed, that the tools which were shipped to Wyoming were insufficient to do the work there, that new tools were purchased suitable to the peculiar character of work to be done, and that defendant company furnished the money for paying for such tools.

It also appears that the defendant company furnished the money for paying laborers employed in doing the work, and also paid some money, something like $1,500, direct to plaintiff, DeHart, upon his drilling contract.

The record is not clear as to just what tools were purchased by defendant company in order to make them a workable set in Wyoming nor just what they cost, nor just how much labor bills were paid, nor just how much money was paid to plaintiff, DeHart, upon the contract, nor just how much he was entitled to receive. Certain exhibits are made part of the record showing a list of the entire amount, bills of labor, money furnished, but it is impossible to accurately separate the amount which might have belonged to plaintiff, DeHart, from the amount which did belong and was furnished by the defendant company, hence the verdict and judgment cannot be affirmed upon the general rule of a verdict upon conflicting testimony. But it must be borne in mind that this action was brought for damages for wrongful conversion. A verdict was returned and judgment rendered thereon for wrongful conversion in the amount which plaintiff, DeHart, alleged his two strings of tools to be worth, but the basic point for determining whether there was a conversion is the terms of the written instrument delivered by plaintiff, DeHart, to defendant company, which instrument is called a bill of sale. and which, leaving out the items of tools enumerated, is as follows:

"For and in consideration of the sum of six thousand three hundred and fifty ($6,-350.00) dollars, in hand paid, the receipt of which is hereby acknowledged, I, J. E. De-Hart, of Tulsa, Oklahoma, do hereby assign, sell, transfer and set over unto the Producers & Refiners Corporation of Wyoming, my two complete drilling strings of tools and fishing tools and all equipment used therewith, described as follows: (description of tools). It is further agreed that the above sum of money is advanced with the understanding that I am to accept contract to drill and complete wells for the above company in Wyoming, and that one car of tools has been shipped and the other car will be shipped within the next few days to Wyoming, and as soon as I have repaid the said corporation the above sum mentioned the said tools will be reassigned to me."

Said instrument is construed by both parties as having the effect of a chattel mortgage.' It will be observed that the foregoing instrument, though construed as a chattel mortgage, does not imply that possession of the tools was actually and reservedly turned over to the mortgage, the plaintiff herein, and the testimony shows that as a matter of fact the defendant company actually had possession of said tools in Wyoming, and directed the use of same by superintending and directing the drilling of the well. From the evidence it does not appear that in the drilling of the wells in Wyoming, plaintiff, DeHart, was more than a skilled employe, operating a string of tools in the constructive and legal possession and under the direction of defendant company. This being true, plaintiff, DeHart, was not in actual, legal possession of the tools, and not entitled to control of same under the terms of the bill of sale, until he had repaid defendant company for the money advanced.

Under the terms of the bill of sale it would appear that plaintiff, DeHart, was to repay the money advanced in labor, consisting of drilling, and it cannot be ascertained from the record before us that the sums advanced had been repaid in labor, for the reason that it cannot be ascertained just how much labor had been performed, or just how much money had been advanced. However, as heretofore said, it must be borne in mind that this was a suit for wrongful conversion, and a verdict for wrongful conversion, and there is no testimony of a wrongful conversion, or, for that matter, conversion of any kind.

Under the testimony, it would appear that defendant company had actual, legal possession of the tools, and that plaintiff, DeHart, had not repaid the sums advanced by defendant, and defendant being in possession, which had been voluntarily given by plaintiff, there could be no such thing as wrongful conversion. As to what constitutes conversion, see: Clark v. Slick Oil Co., 88 Okla. 55, 211 Pac. 495-492: Phillipos v. Mihran (Wash.) 80 Pac. 527-8; Sigel Live Stock Co. (Col.) 101 Pac. 68-72; Kitchen v. Schuster (N. M.) 89 Pac. 261; Shelton v. Holzwasser, 91 N. Y. Supp. 328-30.

For the reasons herein stated, the cause is reversed and remanded for a new trial, with directions to recast the issues of law and facts involved, and to retry the same in conformity with the views herein expressed.

Reversed and remanded.

JOHNSON, C. J., and BRANSON, LYDICK, and WARREN, JJ., concur