[No. 26006.   Department Two.   May 25, 1936.]

WILLIAM M. CLAPP, *Appellant,* v. L. E. JOHNSON, *as Receiver, Respondent.*[1]

[1]Reported in 57 P. (2d) 1235.

*Joseph Wicks* and *William M. Clapp,* for appellant.
*Crollard & O'Connor,* for respondent.

MAIN, J.—This action was brought for the purpose of recovering damages on account of the conversion of a promissory note. The defendant filed an answer and cross-complaint in which he asked that one W. D. Platt be made a party. This request was granted over the objection of the plaintiff. The trial was to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiff was entitled to damages in the sum of one dollar and the return of the note. From the judgment entered in accordance with the findings and conclusions, the plaintiff appealed.

The First National Bank of Ephrata was engaged in the banking business at that place. The appellant, William M. Clapp, was a resident of the same town, and was a customer of the bank. September 2, 1932, the appellant borrowed from the bank three hundred fifty dollars, due six months after date, and at the same time, as collateral to that note, deposited with the bank a note dated September 2, 1932, for the sum of three hundred fifty dollars, due two years after date. This note was signed by P. H. Callahan and A. A. Heidenreich, as makers, and was payable to W. D. Platt, who endorsed it on the back thereof.

In December, 1932, the bank having become insolvent, the respondent, L. E. Johnson, was named as receiver and put in charge for the purpose of liquidating it. About March 1, 1933, the respondent trans-

ferred from the appellant's account in the bank sufficient money to pay his note, and returned the note to him. At the same time, the respondent's clerk or assistant returned the other note to W. D. Platt.

As soon as the appellant learned of the transfer of sufficient funds from his account to pay his note, and the collateral note had not been returned to him, he went to the respondent and demanded this latter note, and was informed that it had been returned to Platt, the payee. Thereafter, on two or three occasions, the respondent requested Platt to return the note to the bank, and he promised to do so, but never did. There was no record in the bank of a collateral note, and the only information that the respondent had was that it was found in the collection pouch. The bank had kept no collection register, and the collateral note had not been attached to the principal note given by the appellant.

About two years after the appellant's note had been returned to him and the other note had been returned to Platt, the present action was begun for the purpose, as above stated, of recovering damages for the conversion of the collateral note. Platt did not appear upon the trial, but his attorney produced the note and it was introduced in evidence.

The question presented upon the appeal is whether the respondent, having acted in good faith in returning the collateral note to Platt, the payee, can be held for the conversion thereof, since the conversion was not wilful.

██ It is an established rule in the courts of England, followed to some extent in this country, that, in actions for conversion, when the taking is not wilful, the court may, in its discretion, permit the defendant to surrender back the property and pay the actual dam-

age for the taking and detention of it. *Whittler v. Sharp,* 43 Utah 419, 135 Pac. 112, 49 L. R. A. (N. S.) 931, note p. 935. Some of the courts of this country which have followed the English rule apply it where the property has within a reasonable time been returned to the person entitled to the possession. *Sutton v. Great Northern R. Co.,* 99 Minn. 376, 109 N. W. 815. The English rule, as stated in *Hofschulte v. Panhandle Hardware Co.,* 50 S. W. (Tex. Civ. App.) 608, "has not been adopted, except to a very limited extent, in this country, and certainly not in Texas."

In Edwards on Bailments (3rd ed.), p. 130, it is said:

"A delivery of them to a person not authorized to receive them is a conversion of the property; and though the misdelivery be made under a mistake of fact, it renders him liable for the goods in an action of trover. A wrongful intent is not an essential element of the conversion; it is enough that the rightful owner has been deprived of his property by some unauthorized act of another assuming dominion or control over it."

According to the weight of authority in this country, good faith on the part of the defendant, in an action of conversion, cannot be shown as a matter of defense. *Pecos & N. T. R. Co. v. Porter,* 183 S. W. (Tex. Civ. App.) 98.

While not so stating in express terms, this court has, in effect, adopted the rule that a wrongful intent is not an essential element of the conversion. In *Fidalgo Island Shingle Co. v. Brown,* 61 Wash. 516, 112 Pac. 629, it is said:

"Respondent was under no obligation to receive back the property, after its conversion by appellants, whatever the condition might have been. The use and possession of the property by appellants being in law a conversion, respondent could rightly treat it as such, and hold them to answer for such conversion."

The case of *Contractors Machinery etc. Co. v. Stewart,* 177 Wash. 263, 31 P. (2d) 546, states the same rule. The cases of *Clark v. Groger,* 102 Wash. 188, 172 Pac. 1164, and *Lockit Cap Co. v. Globe Mfg. Co.,* 158 Wash. 183, 290 Pac. 813, when read in the light of the facts presented in those cases, are not out of harmony with the rule stated, to which this court has given its support.

Notwithstanding the fact that the respondent acted in good faith and without a wilful intent to convert the note, he was nevertheless guilty of conversion under the prevailing rule in this country, to which this court has given its adherence.

If, however, we assume, without so deciding, that the English rule should be applied, the result would be the same. After learning of the mistake in sending the note to Platt, the respondent did not exercise reasonable efforts to recover it during the period of two years that elapsed before the present action was begun. Under such circumstances, the note was not tendered back within a reasonable time, and the respondent had not exercised reasonable efforts to repossess it. In such a case, there is no place for the exercise of a discretion and the award of damages for one dollar and the return of the note. The appellant was entitled to judgment for the face value of the note at the time of the conversion, plus interest, and the respondent was entitled to have the note returned to him.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

MILLARD, C. J., BEALS, HOLCOMB, and BLAKE, JJ., concur.