[No. 31127. Department One. January 13, 1950.]

PAUL D. WALLING, *Respondent*, v. S. BIRCH & SONS CONSTRUCTION COMPANY *et al., Appellants.*[1]

*J. Charles Dennis* and *John E. Belcher*, for appellants.

*Garland & Garland* and *Frank Hunter*, for respondent.

GRADY, J.—This action was instituted by the respondent to recover from appellants the value of a club bag and contents. The case was tried before the court without a jury, and resulted in a judgment against the appellants.

The record shows that respondent was employed by appellants on construction work in Alaska; that appellants

[1] Reported in 213 P. (2d) 478.

undertook to transport respondent and his baggage from Anchorage to Fairbanks; that appellants' agents in the transportation office informed respondent that his baggage could not be accepted for transportation until certain clearance papers were obtained; that respondent left his baggage in the transportation office with the consent of appellants while securing the clearance from their personnel office; that, while he was absent on such mission, the appellants, without his authority, placed his baggage, consisting of three suitcases, a club bag, and a navy duffel bag, aboard a plane destined for the Aleutian Islands; that when respondent discovered what had happened he demanded that his baggage be returned to him, and later received all of it except the club bag. The appellants defended upon two theories: that they were not responsible for the loss of the club bag and contents because of the following part of their contract with respondent:

"The Employee will furnish and bring with him all tools normally supplied by Employees in his trade or occupation and also procure such clothing as may be necessary to meet climatic conditions. Transportation costs will be allowed only for tools and personal possessions reasonably necessary to the successful performance of the Employee's assignment, and in no case may the weight of personal possessions (exclusive of hand baggage permitted by the airline involved) exceed 150 pounds. Upon satisfactory completion of Employee's contract, Employee's tools and personal possessions shall be transported to his destination at the Contractor's expense. Whenever practicable said tools and personal possessions shall accompany the Employee,"

and that the alleged loss of property was the result of joint negligence of respondent and appellants' agents and servants. Their contentions are that the negligence of respondent consisted in his failure to keep the club bag containing valuable articles in his possession, and the negligence of appellants' agents and servants consisted in their having taken possession of all of respondent's baggage, including the club bag, and placing the same on a plane destined for the Aleutian Islands. The trial court was of the opinion that the contract did not apply to the factual

situation presented, and that appellants were guilty of conversion of the club bag when they took it without the knowledge or consent of respondent to the plane going to the Aleutian Islands, and thereby caused it to become lost.

The appellants assign as error (a) the admission in evidence of a written appraisal of the value of the jewelry contained in the club bag, (b) the admission in evidence of photographs taken with a camera among its contents, (c) in holding appellants liable as an insurer, (d) in holding that the provisions of the written contract were not applicable, (e) in finding that appellants admitted that they were negligent in having taken possession of the club bag and placing it on the plane destined for the Aleutian Islands.

■ (a) The statement of facts recites that the appraisement in the form of a letter was admitted in evidence without objection by appellants. It was, therefore, proper for the court to give it consideration. There was other evidence submitted which fully supports the finding of value made by the court.

(b) This assignment of error relates to several photographs taken by the lost camera. From the record before us, we see no substantial value in them as evidence, and in our review we have disregarded them.

(c) We find nothing in the record indicating that the court regarded the appellants as insurers of the lost goods, or that it based its judgment on that theory.

■ (d) We agree with the trial court that the contract from which we have quoted had no relevancy to the facts presented. No liability was founded upon any breach of the contract, and it makes no difference in the establishment of liability whether some of the articles lost may not have been tools or personal possessions reasonably necessary to the successful performance of the respondent's assignment of duties. The contract only relates to the payment of transportation costs by appellants.

(e) Freedom from liability is based upon the claim that the respondent was negligent in that it was his duty to have kept the club bag and contents in his possession at all times,

and that he should not have left it in the transportation office without informing the employees that it contained valuable articles not covered by the contract for which transportation charges would be paid. It is argued that, in such circumstances, the appellants did not become insurers of the safety of the club bag and its contents, and cannot be held as bailees due to the contributory negligence of respondent. It is also argued that, as bailees, appellants would not be liable, in the absence of negligence, for losses by theft, unless they could have apprehended and guarded against such loss and did not do so. The appellants admit liability to the extent of the value of the bag and such of its contents as fall within the part of the contract "tools and personal possessions reasonably necessary to the successful performance of the employee's assignment."

■ We are not concerned with the character of the legal relationship between appellants and respondent which came into being when the baggage was left in the transportation office. Whether we accept the theory that there was a gratuitous bailment, or merely permission temporarily to leave the baggage at that office, the result is the same, as liability for the loss of the club bag upon the facts before us is founded upon the wrongful taking of it to the wrong plane for transportation and failing to return it to respondent when promptly apprised of the error made. This gave rise to a cause of action to recover the value of such property on the theory that the conduct of appellants amounted to a conversion. *Phillipos v. Mihran,* 38 Wash. 402, 80 Pac. 527; *Burnett v. Dunnigan, Inc.,* 165 Wash. 164, 4 P. (2d) 829; *Clapp v. Johnson,* 186 Wash. 327, 57 P. (2d) 1235; 53 Am. Jur. 827, Trover and Conversion, § 34.

The judgment is affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.