[No. 265-41232-1.    Division One—Panel 1.    December 21, 1970.]

E. B. DRAKE *et al., Respondents,* v. EMMETT ROSS *et al., Appellants.*

*Davies, Pearson, Anderson & Gadbow* and *Alvin A. Anderson,* for appellants.

*Neil J. Hoff,* for respondents.

SWANSON, J.—E. B. Drake, a 75-year-old Purdy, Washington nurseryman, claimed that the injuries received in an automobile collision caused by defendant Emmett Ross prevented him from operating his nursery business. Drake testified that as a result of his inability to operate his

nursery, he was losing $4,000 per year. A jury, by a general verdict, awarded Drake and his wife $20,000 for their damages. Ross appeals and argues that to allow Drake's testimony about his anticipated profits was error.

When the question as to what Mr. Drake could have earned in the nursery business was first posed to him by his attorney, defendant's counsel objected. Out of the presence of the jury, the court, in conditionally overruling the objection, said, "[T]he rule says he has to prove his future loss of profit with reasonable certainty . . ."[1] The trial court went on to suggest how a proper foundation could be laid for the admission of evidence of lost profits.

Upon resumption of the trial, the plaintiff was again asked what his projected minimum gross profit would have been had he not been injured. Defense counsel objected to this question on the ground that it did not follow the court's suggestion as to how to lay a proper foundation for the admission of such evidence. Out of the presence of the jury, Drake's counsel then made an offer of proof after which the court told both counsel:

> I don't want any misunderstanding that if the evidence isn't clear enough I would, upon a proper motion, have to strike it but I think on what the offer of proof has shown, if the testimony comes in in this fashion that it does come in within those rules set forth in that case and another case that has come down recently, so I would overrule the objection at this time.

Defense counsel responded by making an objection for the

---

[1]The case on which the trial court relied was *Sposari v. Matt Malaspina & Co.*, 63 Wn.2d 679, 688, 388 P.2d 970 (1964), in which our Supreme Court said:

> where an enterprise or undertaking in which profits were contemplated is thwarted by tortious misconduct or by reason of a breach of contract, the loss of anticipated profits, if proved with reasonable certainty, may be an item of damages occasioned by the tortious misconduct or breach of contract. Difficulty in ascertaining the damages, or uncertainty as to the amount, provides no basis in logic for denial *in toto*. If the evidence affords a reasonable basis for establishing the loss, an issue arises to be resolved by the trier of the facts.

(Citations omitted.)

record that unless there was some foundation made as to the making of $4,000 of profit out of the operation, Drake's testimony should not be allowed. Plaintiff's counsel indicated that he would lay a proper foundation by bringing in two witnesses from out of the city.

During the next day of trial, after several witnesses for the plaintiff had testified as to the nature of Drake's nursery business, Drake was asked about the possible loss in real estate value due to the wasting away of his arboretum. Defense counsel objected. Plaintiff's counsel agreed to limit his questioning to the loss of business profits. Defense counsel agreed that he could adequately cross-examine as to the business losses but not the real estate.[2] To settle the question, the trial court said, "I couldn't submit anything other than loss of profits." Defense counsel then interjected, "That's right, loss of profits covers this." The first question asked Drake after this colloquy between court and counsel was what minimum figure could he have made had he been able to operate his nursery. No objection was interposed, and Drake answered, "$4,000."

■ Defendant Ross argues that Drake did not present his best evidence, namely, his business records, which Ross says is necessary to satisfy the reasonable certainty test. However, defense counsel made no objection to the question about profits, nor did he move to strike the answer from the record and request the court to instruct the jury to disregard the testimony or, alternatively, move for a mistrial. After the first objection, several witnesses testified for the plaintiff in an attempt to build a foundation for the question as to lost profits. Defense counsel had made comments suggesting that any weakness in the presentation of evidence on lost profits could be taken care of on cross-examination. Failure to object to the question as to lost profits

---

[2]Defense counsel remarked, "Well, I can cross-examine as to that adequately as to the business part of it because the value of it can be determined for cross-examination purposes from the amount of income he was making from the—and the amount of stock he has in it. But if you start selling the land under me at a tremendous loss, I am ignorant at this point . . ."

at this stage of the trial and failure to move to strike the testimony amounts to a waiver of the defendant's objection to this evidence,[3] and thus the objection will not be considered on appeal. *Lubin v. Cowell,* 25 Wn.2d 171, 185, 170 P.2d 301 (1946).

Defendant also argues that the instruction as to loss of earning capacity should not have been given because there was no substantial evidence to support the instruction. Civil Rule 51(f) requires that exceptions to jury instructions shall be taken in the absence of the jury prior to the giving of the instructions. No exception was taken at trial; therefore it will not be considered here on appeal. *State v. Robinson,* 78 W.D.2d 481, 482-83, 475 P.2d 560 (1970).

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.

---

[3] The trial court, on motion for retrial, noted the lack of an objection:

Now, at the time, finally, that the witness testified that he thought he was going to lose $4,000 a year, no objection was made, nor no request was made at that time to strike that evidence from the record. Now, I listened very carefully to this because I fully expected that objection to come at that time, to that answer. No objection was made. No request was made to the Court to strike that evidence from the record.