[No. 6966-4-III.   Division Three.   March 25, 1986.]

PAYLESS CAR RENTAL SYSTEM, INC., *Appellant,* v.
ADRIAN DRAAYER, *Respondent.*

*Timothy J. Harkins* and *Parkins, Ryan & Harkins,* for
appellant (counsel for appeal only).

*D. Roger Reed* and *Reed & Giesa,* for respondent.

MUNSON, J.—Payless Car Rental System, Inc. (Payless)
appeals a judgment entered upon the trial court's determi-
nation that its termination of Adrian Draayer's franchise
violated the Franchise Investment Protection Act, RCW
19.100, and the Consumer Protection Act, RCW 19.86.
Payless contends: (1) there was insufficient evidence to

support the court's computation of damages; and (2) the court erred in awarding exemplary damages under RCW 19.100.190(3). We affirm in part and reverse in part.

On June 24, 1981, Payless sued Mr. Draayer, a former Payless franchisee, for damages and injunctive relief, alleging certain breaches of the franchise agreement which the parties executed on October 19, 1978. On November 19, 1982, Mr. Draayer filed his answer and asserted several counterclaims relating to Payless' alleged wrongful termination of his franchise. These counterclaims included alleged violations of the Franchise Investment Protection Act, RCW 19.100, and the Consumer Protection Act, RCW 19.86.

The court concluded Payless' termination of the franchise constituted an unfair or deceptive act or practice because of certain violations of RCW 19.100.180(2). The court stated:

(a) The termination of the Draayers' franchise was not accomplished prior to the expiration of its term for good cause because:

(1) Payless terminated the Draayers' franchise only after Payless' President, Les Netterstrom, had interfered with the prospective sale of the Draayers' Salt Lake City franchise by, among other things, suggesting that, to that same prospective buyer, the Draayers were asking too much money for their franchise;

(2) Payless terminated the Draayers' franchise when Payless had no contractual or lawful authority to do so; and

(3) Payless cancelled the Draayers' franchise so that it could profit by selling that same cancelled franchise to the party with whom the Draayers were negotiating a sale of their Salt Lake City franchise.

(b) Payless imposed upon the Draayers a contract and standards of conduct that Payless did not sustain the burden of proving to be reasonable and necessary, to–wit:

(1) The subject franchise agreement, which was written and prepared by Payless, is unconscionable on its face, because Paragraph 12(B) of the agreement, which was invoked as the authority for Payless' cancellation of the Draayers' franchise, did not require any notice of con-

tract violation or accord a franchisee reasonable opportunity to cure the alleged violation.

(2) Payless imposed upon the Draayers a standard of conduct that it did not prove to be either reasonable or necessary, in violation of RCW 19.100.180(2)(h) when it cancelled the Draayers with a mere ten (10) day notice and accorded them no reasonable opportunity to cure the alleged violations.

(c) The cancellation of the Draayers' franchise with a mere ten (10) day notice, which accorded the Draayers no effective opportunity to cure, was unfair and unconscionable.

(d) Payless terminated the Draayers' franchise prior to the expiration of the Draayers' contract term in bad faith in violation of RCW 19.100.180(1).

With respect to his claim for lost profits resulting from the alleged wrongful termination of his franchise, Mr. Draayer testified without objection that his average net earnings were approximately 30 percent of his gross revenues reported monthly to Payless. These monthly revenue reports were admitted in evidence without objection. In response, Mr. Netterstrom testified he doubted Mr. Draayer realized any profits during January 1979 and 1980, and February 1981.

With respect to Mr. Draayer's lost profits, the court stated:

> When I received the proposed findings I went back on them and I kept rather copious notes as I go along, I guess the most inexperienced of us do that rather than rely on memory. Of course, *I have nowhere there was anything to rebut the 30 percent figure. Nothing from the plaintiff* [Payless] *in this matter at all relative to that. I can only presume that I must take from the evidence that is introduced to me and adduce that as acceptable in arriving at this figure.*

(Italics ours.) Mr. Draayer was awarded double the amount of his lost profits, as provided in RCW 19.100.190(3), less the amount he owed Payless on a promissory note, plus reasonable attorney fees.

Payless appeals because, in its view, Mr. Draayer was only entitled to nominal damages since lost profits were not

proved with reasonable certainty. We disagree.

As indicated above, Mr. Draayer testified without objection that his profits averaged 30 percent of the gross revenues reported monthly to Payless. Thus, the court was entitled to consider this evidence in relation to the claim of lost profits. *See Walling v. S. Birch & Sons Constr. Co.,* 35 Wn.2d 435, 437, 213 P.2d 478 (1950). The circumstances here are not unlike those in *Drake v. Ross,* 3 Wn. App. 884, 886–87, 478 P.2d 251 (1970), where the court held the defendant was precluded on appeal from challenging the sufficiency of the plaintiff's evidence concerning lost profits:

> Defendant Ross argues that Drake did not present his best evidence, namely, his business records, which Ross says is necessary to satisfy the reasonable certainty test. However, defense counsel made no objection to the question about profits, nor did he move to strike the answer from the record and request the court to instruct the jury to disregard the testimony or, alternatively, move for a mistrial. After the first objection, several witnesses testified for the plaintiff in an attempt to build a foundation for the question as to lost profits. Defense counsel had made comments suggesting that any weakness in the presentation of evidence on lost profits could be taken care of on cross–examination. Failure to object to the question as to lost profits at this stage of the trial and failure to move to strike the testimony amounts to a waiver of the defendant's objection to this evidence, and thus the objection will not be considered on appeal. *Lubin v. Cowell,* 25 Wn.2d 171, 185, 170 P.2d 301 (1946).

(Footnote omitted.) Having failed to specifically object to Mr. Draayer's testimony in terms of foundation or best evidence concerning profits, Payless is precluded from raising the issue now. RAP 2.5(a); *Drake,* at 886–87.

Payless also contends the court erred in awarding Mr. Draayer double the amount of his actual damages pursuant to RCW 19.100.190(3). Payless argues the violations of RCW 19.100, as determined by the court, did not involve the sale or offer of a sale of a franchise within the meaning of RCW 19.100.190(2). Thus, the award of exemplary damages should have been limited to those as provided in RCW

19.86.090, rather than double the amount of actual damages provided in RCW 19.100.190(3). We agree.

RCW 19.100.190 provides, in part:

Unfair or deceptive acts—Suits for damages—Violations of other acts, use in evidence. (1) The commission of any unfair or deceptive acts or practices or unfair methods of competition prohibited by RCW 19.100.180 as now or hereafter amended shall constitute an unfair or deceptive act or practice under the provisions of chapter 19.86 RCW.

(2) Any person who sells or offers to sell a franchise in violation of this chapter shall be liable to the franchisee or subfranchisor who may sue at law or in equity for damages caused thereby for rescission or other relief as the court may deem appropriate. In the case of a violation of RCW 19.100.170 rescission is not available to the plaintiff if the defendant proves that the plaintiff knew the facts concerning the untruth or omission or that the defendant exercised reasonable care and did not know or if he had exercised reasonable care would not have known of the untruth or omission.

(3) The suit authorized under subsection (2) of this section may be brought to recover the actual damages sustained by the plaintiff and the court may in its discretion increase the award of damages to an amount not to exceed three times the actual damages sustained: *Provided,* That the prevailing party may in the discretion of the court recover the costs of said action including a reasonable attorneys' fee.

RCW 19.100.180 governs relations between the franchisor and franchisee, and states in part:

Without limiting the other provisions of this chapter, the following specific rights and prohibitions shall govern the relation between the franchisor or subfranchisor and the franchisees:

(1) The parties shall deal with each other in good faith.

(2) For the purposes of this chapter and without limiting its general application, it shall be an unfair or deceptive act or practice or an unfair method of competition and therefore unlawful and a violation of this chapter for any person to:

. . .

(h) Impose on a franchisee by contract, rule, or regula-

tion, whether written or oral, any standard of conduct unless the person so doing can sustain the burden of proving such to be reasonable and necessary.

. . .

(j) Terminate a franchise prior to the expiration of its term except for good cause. . . .

■ As clearly indicated in RCW 19.100.190(1), any violation of the provisions of RCW 19.100.180 constitutes an unfair or deceptive act for purposes of RCW 19.86. In contrast, subsection (2) of that statute is concerned with conduct associated with the sale of a franchise rather than relations of the parties after the franchise has been established. In this respect, subsections (1) and (2) of RCW 19.100.190 appear to be mutually exclusive in terms of whether the claimed violation is associated with the sale of the franchise to the franchisee, *or* the relations of the parties once the franchise comes into existence. In restricting the application of subsection (3) of RCW 19.100.190 to suits under subsection (2), the Legislature apparently intended to impose a greater penalty when the alleged wrongful conduct pertained to circumstances surrounding the claimant's purchase of the franchise. *See generally Allison v. Medicab Int'l, Inc.*, 92 Wn.2d 199, 597 P.2d 380 (1979); *Huebner v. Sales Promotion, Inc.*, 38 Wn. App. 66, 684 P.2d 752 (1984), *review denied*, 103 Wn.2d 1018 (1985).

Although, as the court concluded, the wrongful termination of Mr. Draayer's franchise was precipitated by Payless' desire to profit from the sale of the franchise to the interested buyers with whom Mr. Draayer had previously negotiated, the counterclaims asserted against it were confined to Mr. Draayer's relations with Payless and not *his* purchase of the franchise. *See* RCW 19.100.180(1), (2). Since these claims did not involve a suit described in subsection (2) of RCW 19.100.190, Mr. Draayer was not entitled to exemplary damages under subsection (3) of that statute; the award of exemplary damages instead was governed by RCW 19.86.090. *See* RCW 19.100.190(1).

Pursuant to Laws of 1970, 1st Ex. Sess., ch. 26, § 2, p. 203

246

(former RCW 19.86.090), Mr. Draayer's exemplary damages are limited to $1,000.[1] Since neither party can be perceived as the substantially prevailing party on appeal, Mr. Draayer's request for attorney fees is denied.

The trial court's award of damages for lost profits is affirmed; the award of exemplary damages is reduced to $1,000.

GREEN, C.J., and McINTURFF, J., concur.

---

[1]Laws of 1983, ch. 288, § 3, p. 1403 (effective July 24, 1983), increased the previous $1,000 limitation in RCW 19.86.090 for exemplary damages to $10,000. The conduct complained of here occurred prior to the effective date of that amendment. As amended, the increased amount of $10,000 does not apply retroactively since it creates a *new liability and is not merely remedial in nature. Nyby v. Allied Fid. Ins.*, 42 Wn. App. 543, 548-49, 712 P.2d 861 (1986). *See also Johnston v. Beneficial Management Corp. of Am.*, 85 Wn.2d 637, 641-42, 538 P.2d 510 (1975).